HICKMAN, *Appellant*, v. LINK, *et al.*

### Division One, May 22, 1893.

1. **Practice:** INSTRUCTIONS. The giving of long and numerous. instructions, where the issues to be determined do not require it, condemned.

2. **Land Title:** ABANDONMENT. Abandonment of a claim of title to land includes both the intention to abandon and the external act by which the intention is carried into effect.

3. ———: ———: CONFLICTING INSTRUCTIONS. The judgment in this case reversed because of the giving of conflicting instructions as to the facts necessary to establish an abandonment.

*Appeal from St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*John W. Booth* for appellant.

(1) The owner of land is not required either to use it or to continually make assertion of his title. In the absence of an actual possession of some part of his land, his title carries with it the legal seizin and constructive possession. *Douthitt v. Stinson*, 63 Mo. 268; *Turner v. Baker*, 76 Mo. 343. (2) The seizin of land cannot be in abeyance or suspense. 1 Washburn on Real Property [5 Ed.] top p. 67, sec. 96. (3) If a seizin be admitted or proved in any one, the law presumes it to continue until negatived by evidence by him who alleges a disseizin. 3 Washburn on Real Property [5 Ed.], top p. 156, sec. 27. (4) The law never raises a constructive possession against the owner of the land. 3 Washburn on Real Property [5 Ed.], top p. 164. (5) "Seizin in fact" necessarily implies

possession. 1 Washburn on Real Property [5 Ed.], top p. 62, sec. 75. (6) Possession, to give title under the statute of limitations, must be visible, notorious and continuous, for the full period prescribed. *Musick v. Barney*, 49 Mo. 458; *Pike v. Robertson*, 79 Mo. 615. (7) Where a large tract covers small tracts of land owned by different persons, possession of one of the small tracts, under color of title to the large tract, is not constructive possession of any other of the small tracts; the other small tracts being unoccupied, the law casts the constructive possession on the owners of the true title. *Schultz v. Lindell*, 30 Mo. 310; *Tayon v. Ladew*, 33 Mo. 205; *Leeper v. Baker*, 68 Mo. 400. (8) To give color of title, there must be something in the nature of a transfer, by act of a party or by operation of law, from a preceding real or supposed owner. And, whatever this may be, it must be of such a character as to afford a basis for a *bona fide* claim of ownership of title. Good faith is indispensable. A party cannot manufacture color of title for himself, and a mere claim is not sufficient. *St. Louis v. Gorman*, 29 Mo. 593; *Fugate v. Pierce*, 49 Mo. 441; *Crispen v. Hannavan*, 50 Mo. 536; *Rannels v. Rannels*, 52 Mo. 108; *Mylar v. Hughes*, 60 Mo. 105; *Hamilton v. Boggess*, 63 Mo. 233; *Hughes v. Israel*, 73 Mo. 538; *Gaines v. Saunders*, 87 Mo. 557; *Wright v. Mattison*, 18 Howard, 50. (9) The legal title to land cannot be divested by abandonment. Only possessory rights not ripened into title may be so divested. *Ferris v. Coover*, 10 Cal. 617; *Robie v. Sedgwick*, 35 Barbour 319; *Mayor v. Biddle*, 25 Pa. St. 259. (10) Abandonment must be made by the owner without being pressed by any duty, necessity or utility to himself; but simply because he desires no longer to possess the thing; and further, it must be made without a desire that any other person should acquire the same. For if it were

made for a consideration, it would be a sale or barter, and if without a consideration, but with intent some other person should become the possessor, it would be a gift. *Stephens v. Mansfield,* 11 Cal. 363. (11) Equitable defenses cannot be maintained in ejectment unless pleaded. *Russell v. Whitely,* 59 Mo. 196.

*A. McElhinney* for respondent, Martin Link.

The case was tried in accordance with the directions of the court on the former appeal (97 Mo. 482) and if there is any error in the record it is in appellant's favor.

*Phillips & Stewart* and *C. H. Henderson* for respondents.

The case comes again to this court without single new issue, having been retried in accordance with the opinion delivered on the former appeal, 97 Mo. 482, sufficient evidence having been introduced on the question of abandonment to warrant the submission of that question to the jury, the court will not disturb the finding of the jury.

BRACE, J.—This is an action in ejectment in which the defendants had a verdict and judgment in the trial court, and the plaintiff appeals. The case has been here before, and is reported in 97 Mo. 482.

On the first trial the verdict and judgment was for the plaintiff, and the defendants appealed. This judgment was reversed, and the cause remanded for new trial. On the second trial some new evidence was introduced, cumulative in its character, and in no way changing the complexion of the issues between the parties. It is, therefore, unnecessary to re-state the case. The law of the case was maturely considered,

settled and clearly stated in the opinion of the court, rendered by BLACK, J., and will not be again discussed.

Two brief extracts from that opinion will show precisely the issues of fact that were to be submitted to the jury on re-trial. The plaintiff held title by deed to the land; there were two defenses. *First*, title by adverse possession; *second*, that plaintiff held his paper title in trust for the real defendant. After an exhaustive consideration of the law governing the first defense, the learned judge concludes by saying: "It, therefore, follows that if Goodwin failed or refused to pay the notes which he gave in part payment for his purchase of the two hundred and forty-five acres and abandoned the possession thereof, and Ann McCourtney or she and the heirs of Martin McCourtney, for a period of ten years had actual possession of a part of the four hundred and eighty arpents, and during that period claimed the whole, and exercised over the whole usual acts of ownership, then the defendant should prevail." After a like treatment of the law governing the second defense, he concludes by saying: "To the defense we have been considering, it is not necessary that Ann McCourtney should have had ten years adverse possession. It is enough to entitle this defense to prevail to show that Goodwin in 1853, or prior thereto, declined to pay the notes, abandoned the possession of the property, and that Ann McCourtney thereafter and to her death claimed the land, and defended the title against the adverse claim of Sloan and the heirs of Krepp."

It would seem that the issues of fact upon these two plain propositions could be clearly presented to the jury in five or six appropriate instructions, in drawing which there ought to be no difficulty. Nevertheless the case was sent to the jury on twenty instructions,

nine given for the plaintiff, nine for the defendant and two by the court on its own motion; some of them so long that it would take one, and others two pages of a a volume the size of the Missouri reports to contain one of them. These multitudinous and voluminous instructions are subject to criticism in many respects, but no good purpose would be served by setting them out or examining them in detail. While they may have conveyed to the minds of the jurors a good deal of valuable information about the law of the case, they failed in the essential particular of pointing out distinctly the duty of the jury under that law. Indeed, from them they could have obtained only a very confused idea of that duty.

The plaintiff on his legal paper title was bound to recover, unless the jury found from the evidence that Goodwin had abandoned his purchase. The crucial question in the case was whether he had done so, a question the jury could not intelligently answer without a clear conception of what it takes to constitute an abandonment in law; yet we look in vain through these instructions for a clear and concise definition of this legal term. Whatever conception of it they did in fact get, they must have spelled out for themselves from a mass of verbiage. Let us see whether it is likely they could have spelled it aright.

Abandonment in law is defined to be "the relinquishment or surrender of rights or property by one person to another. * * * Abandonment includes both the intention to abandon and the external act by which the intention is carried into effect." "To constitute an abandonment there must be the concurrence of the intention to abandon and the actual relinquishment of the property, so that it may be appropriated by the next comer." 1 American and English Encyclopedia of Law, page 1, and note 5.

In instruction number 9 given for the plaintiff in which the court undertook to instruct the jury upon the issue of abandonment, all the external acts of Goodwin in relinquishing the property shown in the evidence, are recited and the jury are told that they do not constitute an abandonment unless the acts were done by him with the intention of surrendering his right to the property. And in the second instruction given by the court on its own motion the same idea may be found. From these two long instructions the jury might have obtained a correct conception of legal abandonment had they stood alone; but on the other hand in instructions 2 and 4 given for the defendant an abandonment is predicated on *some* of these external acts of Goodwin, which are made its equivalent, *without reference to his intentions*; and upon them the jury are authorized to find that issue for the defendant; while in the other instructions given by the court they were told that one of these acts did not *tend* to show an abandonment by Goodwin, but might be *considered* in connection with other facts and circumstances in evidence in passing upon that issue. From such instructions an intelligent answer could not have been expected to the main question in the case, even if the minds of the jurors had not been distracted by the consideration of many other subjects to which their attention was directed in other instructions, the consideration of which was entirely unnecessary to a correct determination of the real issues of fact that ought to have been submitted to them under the law as laid down by this court in its previous decision.

The case seems to have been presented and re-tried below, as in fact it is re-argued here to some extent, as if nothing had been settled by that decision—a vicious practice that seems of late to be growing up in this state, but which can not be too soon abandoned. Hence

VOL. 116, APRIL TERM, 1893. · 129

The State ex rel. Scotland Co. v. Ewing.

these voluminous and confusing instructions, which serve rather to conceal than make plain the real issues of fact to be determined by the jury.

If upon another re-trial, which will have to be ordered, the court below will be content to consider the law of the case as definitely settled by our former decision, inform the jury in direct and plain terms what it takes to constitute an abandonment in contemplation of law, and submit the simple issues of fact set out in the foregoing extracts from our former opinion in this case in a few brief and appropriate instructions, a verdict may be expected embodying the intelligent convictions of the jury upon the real issues in the case, a verdict responsive to those issues and one which can and ought to stand, whatever the result may be.

To this end, the judgment will be reversed and the cause remanded for new trial, in which it will be well to remember that in our former .decision we duly considered what were the legitimate defenses in the case, and determined what issues of fact ought to be submitted to the jury, and that an intelligent solution of those issues will not be aided by submitting a multitude of instructions (as in the last trial) in regard to color of title, warranty of title, enurement of title, vendor's lien, a husband's marital rights, etc. etc. All concur except BARCLAY J., absent.