## TOWN OF EAST GREENWICH *vs.* NAPOLEON GIMMONS.

### NOVEMBER 18, 1912.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Deeds.   School Districts.*

A deed executed in 1857, acknowledged the receipt of a valuable consideration paid to grantor by the "treasurer of school district No. 2 of the town of East Greenwich," and conveyed premises to "the inhabitants of district No. 2, their heirs, successors and assigns," "to be used to set a school-house upon and other convenient buildings for school purposes and for no other purpose," "to have and to hold to the inhabitants of school district No. 2, for school purposes (so long as it shall be used as such and no longer) to them, their heirs and assigns."

Under Pub. Laws, cap. 1101, passed April 17, 1903, school districts were abolished, and "all title and interest in all of the school-houses, land, furniture and other property which was vested in the several districts shall be vested in the town in which the said districts were located":—

*Held,* that the conveyance was to the school district as a corporation.

*Held,* further, that upon the abolition of the district its title became vested in the town for school purposes.

*(2)   Construction.   "Inhabitants."*

Under the statutes of this State, the word "inhabitants" has always had a corporate rather than an individual significance in relation to municipal subdivisions.

*(3)   School Districts.   Abandonment.*

Owing to the small number of children in a school district, a school was closed and the children sent to another district, under authority of Pub. Laws, January, 1900, cap. 743. The authorities retained the key of the school house and kept the property therein until it was removed by defendant's grantor. The school authorities had no knowledge of any adverse claim until after an agent of the school committee was sent to make repairs. The building being unlocked, was temporarily secured by the agent, and it

was not until later that defendant was found to be in possession, whereupon proceedings were commenced by the town, within a reasonable time, to recover possession, the school committee having voted upon petition filed by residents of the district to open school therein, as soon as arrangements could be made.

*Held*, that there was no such abandonment or cessation of use of the premises for school purposes as would warrant a forfeiture, under the above deed.

*(4)   School Districts.   Constitutional Law.*

Decision *in re* Application of School Committee of North Smithfield, 26 R. I. 164, as to the constitutionality of cap. 1101 of the Public Laws, passed April 17, 1903, transferring the title and interest of abolished school districts to the town, affirmed.

TRESPASS AND EJECTMENT.   Heard on agreed statement of facts.

PARKHURST, J.   This is an action of trespass and ejectment originally brought in the District Court of the Fourth Judicial District, where decision was rendered for the plaintiff.   Thereupon the defendant claimed a jury trial and the case was certified to the Superior Court, sitting in the County of Kent; in that court the parties filed an agreed statement of facts, whereupon the action was certified to this court to be here heard and determined, pursuant to Chapter 298, Section 4, General Laws, R. I., 1909.

The agreed statement of facts is as follows:

"The real estate in question was conveyed under a deed which has been put in here as Plaintiff's Exhibit A.

"The school district number two, which was one of the districts then of the town, continued to hold school in that building down to June, 1902.

"November 15th, 1902, the following vote was passed by the school committee:

" '*Voted*:   To unite school in district number two with school in district number one, in accordance with the provision of Section 1, Chapter 743, of the Public Laws, for the purpose of securing greater efficiency of the school.

" 'A true copy, attest,

" 'SAMUEL M. KNOWLES, *Clerk.*'

"Since that date, June, 1902, no school has been held in this school building, or on this land in question by school district number two, or by the Town of East Greenwich, or any other authority. Frank Kenyon was employed by the Town of East Greenwich for two years to carry children that belonged in district number two to school in district number one. The school books and desks were left in the school-house in district number two. The key to the school-house remained in the possession of. the chairman of the school committee of the Town of East Greenwich.

"At a meeting of the school committee of the Town of East Greenwich, held September 6th, 1910, the following vote was passed:

" '*Voted:* To open school in the school-house, near Barton's Corner, as soon as arrangements can be made for that purpose.'

"The school-house described as 'near Barton's Corner,' is the school-house in question. That vote of September 6th, 1910, was based upon a petition addressed to the school committee, signed by certain residents, including the aforesaid Frank T. Kenyon, setting forth that there were then thirteen children of school age, and asking that that old school-house be reopened; that in the month of December, 1908, the school committee employed L. C. Shippee to make certain repairs on the school-house; that he went to the school-house about Christmas, 1908, for the purpose of seeing what repairs were necessary; that he returned about a week later and found the defendant in possession of the school-house. That during the years from 1902 to 1906, the windows of the school-house became badly broken; that when Mr. Shippee went there about Christmas-time, 1908, to look over the building and make repairs, he found one of the doors open and unlocked, and that he temporarily secured it with a wooden bar; that while the windows were so broken, and the school-house in a dilapidated condition, to wit, in March, 1906, Henry L. Rathbun, who had then purchased the John A. Place farm under his deed which is

filed herewith, had taken possession of the school-house by going through one of these broken windows, removed most of the desks, books, and papers, which he found scattered about the school-room floor, piled them up in his own shed, shoving some of the desks back into a corner of the school building, since which time he has retained possession of the school-house, renting it to the present defendant, Napoleon Gimmons, and other employes of Mr. Rathbun.

"Neither school district number two, nor the Town of East Greenwich, has ever opened up school in that building since June, 1902, but the school committee took steps that are shown in the vote of September, 1910, aforesaid, to open it, at which time Mr. Gimmons, the defendant, was in possession of the school-house, and has remained in possession ever since.

"Neither school district number two, nor the Town of East Greenwich, ever used the real estate in question for any other than school purposes.

"The description in the deed from Josephine Fry and others, heirs of John A. Place, to Henry L. Rathbun, marked 'Defendant's Exhibit 1,' covers the school-house lot, etc., which are the premises in dispute in this case."

The deed marked "Plaintiff's Exhibit A," referred to in the agreed statement of facts, begins as follows:

"To ALL PEOPLE TO WHOM THESE PRESENTS SHALL COME,

"I, John A. Place, of East Greenwich, in the County of Kent and State of Rhode Island and Providence Plantations, yeoman, Send Greeting: Know Ye, that I, the said John A. Place, for and in consideration of the sum of one dollar, in hand, before the ensealing hereof, well and truly paid by the Treasurer of School District No. 2, of the Town of East Greenwich, the receipt whereof I do hereby acknowledge, and am therewith fully satisfied, contented and paid; and of every part and parcel thereof do exonerate, acquit and discharge the said district No. 2, of East Greenwich, their heirs, successors, executors and administrators, forever, by these presents; have given, granted, bargained, sold,

34

aliened, enfeoffed, conveyed and confirmed; and by these presents do freely, fully and absolutely give, grant, bargain, sell, aliene, enfeoffe, convey and confirm unto the inhabitants of the said district No. 2, their Heirs, successors and assigns, forever."

Description of the land follows, substantially as described in the declaration, concluding as follows, "to be used to set a school-house upon and other convenient buildings for school purposes and for no other purpose."

The habendum reads: "To have and to hold the said granted and bargained premises with all the appurtenances, Privileges and commodities to the same belonging or in any wise appertaining to the inhabitants of School District No. 2 for school purposes (so long as it shall be used as such and no longer) to them, their *heirs* and assigns, to their only proper use, benefit and behoof."

Then follow the usual covenants of seizin, quiet possession and full warranty; the deed bears date of execution and acknowledgment November 18, 1857, and is duly recorded the same date.

(1)    Defendant's counsel seems to claim, albeit rather vaguely, that this conveyance of land was not to the School District No. 2, but to the inhabitants; and so, that when the school districts were abolished by Chapter 1101, Public Laws, January, 1903, passed April 17, 1903, Section 1, whereby "all title and interest in all of the school-houses, land, furniture and other property which was vested in the several districts shall be vested in the town in which the said districts were located," the title to the land here in dispute did not pass to the plaintiff town, but remained in the "inhabitants" of the school district; and so it is argued that the plaintiff has no title or right of possession and cannot maintain this action. This contention is without merit. It is to be noted that the grantor, Place, acknowledges the receipt of a valuable consideration for this conveyance as paid to him by the "Treasurer of School District No. 2, of the town of East Greenwich," from which it appears that "School

District No. 2" was at that time an organized school district, having a treasurer; and although the deed is rather in-artificially drawn, using the word "heirs" as well as "successors," it is quite manifest that it was the intention of the grantor to make the conveyance to the "inhabitants" in their corporate capacity as a school district, rather than in their individual capacity as tenants in common.   Our statutes have always recognized the use of the word "inhabitants" as having a corporate, rather than an individual significance, in relation to municipal subdivisions; thus by Chapter 46, Section 1, Gen. Laws, R. I., 1909, "The inhabitants of every town shall continue to be a body corporate, and may, in their corporate name, sue and be sued, prosecute and defend, in any court and elsewhere." The same language, substantially, has been used in every revision of our laws from 1798 down to the present time.   The use of the words "inhabitants of town" or "inhabitants of school district" to signify the town or the school district in its capacity as a municipal corporation has been frequent and unquestioned in Massachusetts; and in New Hampshire it has been held that a conveyance to the inhabitants of a school district and their successors is a conveyance to the inhabitants in their corporate capacity and valid.   *Chapin and wife* v. *School District*, 35 N. H. 445, and cases cited, 455.

We are of the opinion therefore that the conveyance "Exhibit A" was a conveyance to "School District No. 2, of the town of East Greenwich," as a corporation.

Defendant's counsel further contends that the deed was a deed upon limitation, and cites the words above quoted as part of the description, to wit:   "*To be used to set a schoolhouse upon and other convenient buildings for school purposes and for no other purpose;*" and the words in the habendum clause, "*To have and to hold said granted premises . . . to the inhabitants of said school District No. 2, their heirs, successors and assigns for school purposes so long as it shall be used for such AND NO LONGER,*" as words of limitation; and thereupon claims that the agreed facts show that the

school district has long since and prior to February 23, 1906, abandoned the use of this property for school purposes, and that therefore the land and its improvements had reverted to the heirs of John A. Place, who conveyed to Henry L. Rathbun and wife (Defendant's Ex. I) by deed dated February 23, 1906; and that the defendant Gimmons being a tenant under the Rathbuns is in lawful possession of the premises and is entitled to our decision in his favor.

But we do not find that the facts warrant the conclusion above contended for. While it appears that, owing to the small number of children of school age residing in the district, it was deemed expedient by the school authorities in June, 1902, to close the school, and send the pupils to District No. 1, and that no school has been held there since, it also appears that the school authorities retained the key of the school-house and kept the school property therein, until such property was removed by Rathbun, in 1906; it does not appear that the school committee or anyone in authority had any notice that Rathbun or anyone else was claiming title to the real estate or had removed the property, until December, 1908, when Shippee, acting under orders of the school committee, looked the building over to ascertain what repairs were needed; and it does not appear that, even then, any person was in the actual occupation of the school building, which was found to be unlocked, and was temporarily secured by Shippee. It was not until a week later that the defendant was found to be in possession, claiming under Rathbun; whereupon proceedings were commenced within a reasonable time to test the rights of the parties (see *East Greenwich* v. *Guenond*, 32 R. I. 224), which having failed for technical reasons, this suit was brought by writ, dated December 14, 1911. It further appears that in September, 1910, after a petition filed by certain residents of the school district, the school committee voted to open school in the school-house on the premises "as soon as arrangements can be made for that purpose."

We do not find under these circumstances any such abandonment or cessation of use of the premises for school

purposes as would warrant a forfeiture. It is manifest that there was at most a temporary cessation of the actual holding of school in the school-house for reasons of expediency under the authority of Chapter 743, Public Laws, R. I., January, 1900, page 43; but this is no evidence of an abandonment such as to work a forfeiture. It is quite consistent with all the facts in the case, that the school committee had all the time the intention to reopen the school as soon as it would be expedient and proper so to do, and that retaining the key and keeping the school property in the house and the sending of a carpenter to see what repairs were needed, and finally the vote to reopen the school as soon as it was made to appear to the committee that there were pupils enough to warrant it, were all facts consistent with such intention, and inconsistent with any intention to abandon the use of the property for school purposes. In our view of the facts, it becomes unnecessary to discuss whether or not in the event of forfeiture the estate would revert to the heirs of John A. Place, so that they could convey good title. We are satisfied that by his deed, "Exhibit A," Place conveyed the land to School District No. 2, as above shown, for school purposes; that School District No. 2 never abandoned the premises, but continued to hold them with all the buildings thereon for such purposes down to the abolition of the School District No. 2 by Chapter 1101, Public Laws, R. I., January, 1903; whereby such title as School District No. 2 had, became vested in the town of East Greenwich and still remains in said town for school purposes; and it therefore becomes unnecessary for this court to discuss the authorities cited on behalf of the defendant in support of his claim that this conveyance was upon a conditional limitation and that upon forfeiture the estate reverted to Place's heirs and passed from them to the defendant Gimmons.

There is also a rather vague suggestion in the defendant's brief that the act transferring the title and interest of abolished school districts (Chapter 1101, *supra*) to the town

is unconstitutional; that question was fully discussed and settled in favor of the act by this court in re *Application of School Committee of North Smithfield*, 26 R. I. 164; and needs no further discussion.

In view of the foregoing this court hereby gives decision for the plaintiff for possession and costs without damages (which are expressly waived upon the plaintiff's brief before this court).

The papers in the case will be sent back to the Superior Court within and for the County of Kent with the decision of this court certified thereon; for the entry of final judgment upon the decision.

*Quinn & Kernan*, for plaintiff.

*Samuel W. K. Allen*, for defendant.

