## COMMISSIONER OF INTERNAL REVENUE v. PAULSON.

### No. 12061.

Circuit Court of Appeals, Eighth Circuit.

Nov. 10, 1941.

256

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Helen R. Carloss and Joseph M. Jones, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

H. Y. Simmons, of Cedar Rapids, Iowa (H. R. Trewin, of Cedar Rapids, Iowa, on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This case is before us on a petition of the Commissioner of Internal Revenue to review a decision of the United States Board of Tax Appeals. The Board adopted the stipulation of facts agreed upon by the parties.

The taxpayer is a resident of Cedar Rapids, Iowa. On March 12, 1923, he and two others entered into a real estate contract for the purchase of a business building situated in Cedar Rapids for $78,000. Thereafter his two associates assigned their interest in the contract to the taxpayer. The contract recited a down payment of $8,000 and provided for two payments of $10,000 each in 1923 and the balance of $50,000 in 1933 with interest. The vendee was given possession with an obligation to keep the building in repair, keep it insured, and pay the taxes, and with the privilege of making improvements. By supplemental agreement the time of payment of the balance of $50,000 was extended to March 12, 1936. While in possession of the building the taxpayer rented it for profit and made valuable improvements.

The contract provided that in the event the vendee should fail to make the payments as provided the vendor "shall have the right at his option and upon serving a thirty days' notice as provided by the Statutes of Iowa, to declare this contract null and void, in which case all the rights and interests" of the vendee "shall be forfeited * * * and the property * * * shall immediately revert to and revest in" the vendor without right of reclamation or compensation to the vendee.

On September 17, 1936, the taxpayer was in default in the payment of $50,000 with two years of accrued interest. A thirty-day notice of forfeiture was served on that day, and the forfeiture was complete on October 17, 1936. The taxpayer did not make the payment when due because he was unable to do so.

As a result of the forfeiture the taxpayer sustained a loss of $28,903.66 which he deducted as an ordinary loss in his income tax return for 1936. The Commissioner determined a deficiency and the Board reversed.

The applicable statute is the Revenue Act of 1936, c. 690, 49 Stat. 1648, section 23 of which provides that in computing net income individuals may deduct "(e)

* * * losses sustained during the taxable year and not compensated for by insurance or otherwise * * *." Subsection (j) provides that "Losses from sales or exchanges of capital assets shall be allowed only to the extent provided in section 117(d)." 26 U.S.C.A. Int.Rev.Acts, page 828. Section 117(d) provides that "Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges"; and under section 117(b) " 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business), * * *." 26 U.S.C.A. Int.Rev.Acts, pages 875, 874.

It is conceded by the parties, or at least it is not disputed, that the taxpayer's investment in the real estate was in the nature of an equitable estate constituting a capital asset within the meaning of the statute. It is also conceded that coincidentally with the extinguishment of that capital asset by forfeiture the taxpayer was released from further liability upon the contract for the payment of the balance of the purchase price in the amount of $50,000 and accrued interest. The sole contention of the taxpayer is that the process by which the result was effected was not a "sale or exchange" within the meaning of the statute.

Counsel for the taxpayer by persuasive arguments supports his contention that none of the essential elements of a sale or exchange are present in this case; but we think the debate upon that question is foreclosed by the authorities. It is conceded, as it must be, that had the vendor and the vendee mutually agreed to cancel the contract and restore the title to the property to the vendor free from the rights conferred upon the vendee by the contract in consideration for the release of the vendee from the payment of the balance of the purchase price, there would have resulted a sale or exchange within the meaning of the law. See Rogers v. Commissioner, 9 Cir., 103 F.2d 790, 792, certiorari denied 308 U.S. 580, 60 S.Ct. 98, 84 L.Ed. 486; C. L. Gransden & Co. v. Commissioner, 6 Cir., 117 F.2d 80; Warren v. Commissioner, 6 Cir., 117 F.2d 82; Pender v. Commissioner, 4 Cir., 110 F.2d 477. However, the argument on behalf of the taxpayer is (1) that the extinguishment of the equitable title was not in exchange for release of liability; (2) that it was not the result of voluntary bargaining; and (3) that since the forfeiture was suffered because the vendee was "unable to pay" the case is analogous to a loss resulting from fire, storm, or theft.

■ To the first two of these contentions there are two obstacles. First, by the express terms of the contract of 1923 the taxpayer agreed that upon his failure to make the payments stipulated the vendor should have the right to forfeit the contract. The parties are presumed to have known that the legal effect of a forfeiture would be to extinguish the equitable interest of the vendee and to release him from liability for further payment. The forfeiture was not, therefore, in invitum, or involuntary; it was contemplated in the contract; it was the result of bargaining.

■ Second, had the forfeiture been involuntary that fact would have been immaterial. An involuntary sale or exchange is within the scope of the statute as certainly as is a voluntary bargain. Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481; Electro-Chemical Engraving Co., Inc., v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308; Helvering v. Nebraska Bridge Supply & Lumber Co., 312 U.S. 666, 61 S.Ct. 827, 85 L.Ed. 1111, reversing 8 Cir., 115 F.2d 288; Helvering v. Jones, 8 Cir., 120 F.2d 828; Commissioner v. Peterman, 9 Cir., 118 F.2d 973; Welch v. Street, 1 Cir., 116 F.2d 953.

■ In support of the third contention counsel argue that since the forfeiture occurred because the taxpayer was unable to pay, the situation is analogous to a loss by fire, storm or theft. The taxpayer relies upon the decision of the Supreme Court in Helvering v. William Flaccus Oak Leather Co., 313 U.S. 247, 61 S.Ct. 878, 85 L.Ed. 1310. That case is not in point. It involved a loss by fire. In the present case the parties agreed that upon failure of the vendee to pay the vendor should have the right of forfeiture. The reason for the failure was not limited. The right existed by contract whether the failure was due to inability to pay, or to some economic advantage or disadvantage, or to sentiment.

The decision of the Board of Tax Appeals is reversed and the case is remanded for further proceedings not inconsistent with this opinion.