**HELVERING, Com'r of Internal Revenue, v. SCHWARTZ.**

No. 12124.

Circuit Court of Appeals, Eighth Circuit.

Feb. 16, 1942.

J. E. Garvey, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and Edward M. English, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

No brief for respondent.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals, which allowed respondent, as the owner of two pieces of real estate, for income tax purposes, to treat the losses resulting to him from the sales of such properties, under mortgage foreclosures, as ordinary losses, deductible in full under section 23(e) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Internal Revenue Acts, pages 672, 828, instead of as capital losses, subject to the limited deductions under section 117 of such Revenue Acts, 26 U.S.C.A. Internal Revenue Acts, pages 707, 873, 874, 875.

The Board's decision was rendered prior to the decisions of the Supreme Court in Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, Electro-Chemical Engraving Co. v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L.Ed. 308, and Helvering, Commissioner v. Nebraska Bridge Supply & Lumber Co., 312 U.S. 666, 61 S.Ct. 827, 85 L.Ed. 1111, and to the decision of this Court in Helvering v. Jones, 8 Cir., 120 F.2d 828, certiorari denied 62 S.Ct. 115, 86 L.Ed. ——.

Under the decisions cited, it is now clearly settled that a loss sustained by the owner of real estate from a mortgage foreclosure sale cannot, for income tax purposes, be treated as an ordinary loss, deductible in full under section 23(e) of the Revenue Acts of 1934 and 1936, but must be treated as a loss of a capital nature, subject to the deduction limitations of section 117 of such Revenue Acts.

The order of the Board is accordingly reversed, and the case is remanded for redetermination of the deficiencies owing on the basis of the deductions allowable under section 117 of such Revenue Acts.

Reversed and remanded.