JAMES E. TILLMAN, Appellant, v. JAMES M. MELTON, JAMES B. MELTON, DILLARD MELTON, U. S. MELTON, WM. FOWLER, WILDA FOWLER, FRANK WILKERSON, ELMER MELTON, ELIZA FOWLER, JAMES HACKER, AMANDA HACKER, ROSCOE HACKER, BERT HACKER, HIGDON MELTON, MAUDE MELTON and LUCY CAUDLE, if they be living, and if they be dead, then the unknown heirs and devisees of said parties, being all the heirs of B. B. MELTON and M. C. MELTON, Defendants, SPARTA CONSOLIDATED SCHOOL DISTRICT No. 3, Intervenor, Respondent.—No. 38177.—165 S. W. (2d) 684.

Division One, November 10, 1942.

*Omer E. Brown* for appellant.

*Andrew J. Howard* and *Joe Crain* for respondents.

DALTON, C.—Statutory action to partition one acre, more or less, of particularly described real estate in Christian County. None of the defendants mentioned or described in the petition appeared or answered, but Sparta Consolidated School District No. 3 of Christian County appeared, and upon its request was made a party defendant, and answered, claimed ownership of the described real

estate and prayed the dismissal of the action. A jury was waived, the cause was tried by the court and judgment entered denying partition and dismissing the cause. Plaintiff has appealed.

On September 2, 1892, B. B. Melton and M. C. Melton, his wife, owners of the described real estate, by warranty deed conveyed said real estate to three persons described as directors of School District No. 1 of Christian County. The deed was duly recorded. Sparta Consolidated School District No. 3, was formed May 27, 1925, and embraces the territory formerly in School District No. 1. The warranty deed, supra, contained this provision: "The condition of this deed is such as to revert the ownership back to B. B. Melton and M. C. Melton when it ceases to be used for school purposes." In 1933 the attendance at the school maintained on said premises was so small that the school board of the consolidated district discontinued the school and transported the children by bus to Sparta. From 1933 to the date of the institution of this suit in November, 1940, no public school was conducted in the school building on the described premises, but religious services were held in the building, and the building was also used for pie suppers, all with the consent of the school board of the consolidated district. When not in use the building was kept locked. About 1938 the school board moved some of the seats from this school building to another school building in the district for use there, but no action was affirmatively taken by the school board to abandon the school property.

On October 11, 1938, plaintiff obtained a deed from some of the Melton heirs (the original grantors being dead). The deed purported to convey the interest of these heirs in the described premises to plaintiff. The wife of one of the Melton heirs had been superintendent of the Sunday School conducted in the school building. She had for this purpose obtained a key from a member of the school board and she turned this key over to plaintiff. Plaintiff then took possession of and moved into the school building. The school board immediately demanded the key and possession of the building from plaintiff, but he continued to reside in the school building. After plaintiff moved in the building, representatives of the consolidated district removed all personal property of the district from the building. About a year later, the school board appointed a committee to regain possession of the property and establish their right and claim thereto. The school board intended to use the building for the purpose of conducting a school therein during the school year of 1941-1942, pending the construction of a new school building at Sparta. The defendants originally named in the petition were the heirs of B. B. Melton and M. C. Melton. The petition was not amended after the Consolidated District was made a party defendant. No question is raised with reference to the right of Consolidated District to intervene in the cause.

In "a memoranda of opinion and conclusions of law" filed by the court prior to entering the judgment, the court found the facts to be that the school district had not abandoned the property for school purposes.

We must first determine whether this court has jurisdiction of this appeal. The petition, styled "Action in Partition," alleged that plaintiff "and the defendants are seized as tenants in common of the" described real estate; "that the exact interest of each of the parties, plaintiff and defendant, is unknown to this plaintiff herein, but . . . all the defendants have some interest in and to said real estate, except those who have deeded their interest to the plaintiff herein, and plaintiff prays the court to hear evidence and determine the title and interest of the plaintiff and defendant herein and to adjudicate the title therein of each of the defendants and the plaintiffs to this suit." This allegation is immediately followed by a prayer "for partition of said land according to the respective interests of the said plaintiff and defendants herein." There is a further allegation that "a division in kind would be impracticable" and a prayer that the land be sold by the sheriff and the proceeds divided according to the respective interests of the parties, as determined by the court.

The answer of Sparta Consolidated School District No. 3 of Christian County alleges that "the plaintiff and the other defendants are not seized of or the owners of the real estate described in plaintiff's petition because said property is owned by the Sparta Consolidated School District." The basis of said claim of ownership, to wit, the Melton deed, supra, is then set forth and it is further alleged said school district has not conveyed its interest, released its right, surrendered possession of the property, nor abandoned the use of the property for school purposes. The only relief asked is that the cause be dismissed at the cost of plaintiff.

Plaintiff's reply admits the existence of the conveyance under which the school district claims, but alleged that the deed provided for ownership to revert to the grantors when it ceased to be used for school purposes. Plaintiff further alleged abandonment of the premises for school purposes, pleads that the school district is estopped to reassert title and again asks judgment on the original petition.

It is apparent that plaintiff's title was put in issue by the answer of the Consolidated District. Although, the Melton deed and its terms are admitted, yet plaintiff's claim to title and to the right of partition is based upon the theory that the property has ceased to be used for school purposes and the fee has reverted to the grantors' heirs (Melton heirs), some of whom have deeded their interest to plaintiff. The judgment denying partition and dismissing the cause necessarily determined that plaintiff did not have the title he claimed to have. Title to real estate is directly involved and this court has jurisdiction

of the appeal. Article 6, Section 12, Constitution of Missouri; Price v. Gordon, 347 Mo. 354, 147 S. W. (2d) 609, 611.

The action is at law. No facts are stated to invoke the jurisdiction of a court of equity and no affirmative equitable relief was requested by any party. At the trial no declarations of law were requested or given. The record, also, fails to show any affirmative request for findings of fact or conclusions of law under Sec. 1103, R. S. 1939, 4 Mo. R. S. A., p. 510. We must, therefore, assume that the findings of fact made by the court were voluntary and of the court's own motion. Accordingly, we may consider only the general finding against the plaintiff as evidenced by the judgment. State ex rel. Sullivan County v. Maryland Casualty Co., 334 Mo. 259, 66 S. W. (2d) 537, 538; Conley v. Crown Coach Co., 348 Mo. 1243, 159 S. W. (2d) 281, 285.

The first error assigned is that "the court erred in dismissing the petition in partition, because it is against the evidence in the case." This general assignment is not mentioned under points and authorities or in argument and will be considered abandoned. The sufficiency of the assignment to raise an issue need not be determined, but see, State ex rel. Ward v. Trimble, 327 Mo. 773, 39 S. W. (2d) 372, 375.

The second assignment is that "the court erred in the application of the law to the facts developed, and his decision therefore, is against the law." Appellant insists that "the land reverted when transportation was voted and they ceased to have school in this district in 1933, and that the property became the property of the Melton heirs." No request was made for a directed verdict on the theory that transporting the children to another place and ceasing to hold school in the building in 1933 was in law an abandonment of the property for school purposes or caused a reversion under the terms of the deed. While the evidence showed that public school sessions were not actually conducted in the building from 1933 to the date of the institution of the suit, yet the property was retained under the supervision and control of the school board, apparently pending the time when external circumstances or a change in policy or conditions might require an active utilization of the building and grounds for school purposes. Whether the facts mentioned constituted an abandonment of the premises for school purposes, or a ceasing to use the property for school purposes within the terms of the Melton deed, would necessarily depend upon the facts and circumstances existing, and whether there was sufficient evidence of an intention to abandon. Hickman v. Link, 116 Mo. 123, 127, 22 S. W. 472; Pocoke v. Peterson, 256 Mo. 501, 516, 165 S. W. 1017; also Board of Education of Borough of West Paterson v. Brophy, 90 N. J. Eq. 57, 106 Atl. 32, 35; Town of East Greenwich v. Gimmons, 34 R. I. 526, 84 Atl. 1008. No objection was made to a full showing of all facts, including the

subsequent management of the property by the school board of the consolidated district. There was no evidence of any actual relinquishment of the property by the school board. The question whether or not the property had ceased to be used for school purposes within the meaning of the provision in the Melton deed was submitted to the court by the parties under the issues made by the pleadings. Upon the whole evidence (including a showing of the circumstances under which transportation was provided and proof of the subsequent use, management and control of the school building by the school board), the court has resolved the issue of fact against plaintiff (appellant here); and has entered the general finding denying partition and dismissing the cause. There was evidence to sustain that finding, however, affirmative, substantial evidence was not required, because the burden of proof rested upon plaintiff to establish that the property had ceased to be used for school purposes and that he had the title claimed. In any case the issue of fact was determined below. Appellant may not now complain. Strother v. Barrow, 246 Mo. 241, 250-251, 151 S. W. 960. The assignment is overruled.

The third assignment is that "the court erred in failing to file an adequate and complete finding of facts and to declare the law, as requested by plaintiff." Complaint is made that the court's findings are ambiguous. We have previously noted that the record fails to show any request for such findings by the court. The assignment is not mentioned under points and authorities or in argument and will be considered abandoned. In any case, however, error may not be based upon the voluntary statements or findings by the trial court.

The fourth assignment is that "the court erred in holding that while the land would revert, the house would not also revert, since the statute defines real estate." Much attention in argument and under points and authorities is devoted to this assignment. The matter referred to is mentioned in the court's memoranda, which we have referred to above, but for the reasons hereinbefore stated the memoranda may not be considered on this appeal. However, the effect of the court's holding, as evidenced by the judgment, is that there has been no reversion of the described real estate and we are not concerned here whether the building will revert with the land should a reversion subsequently occur. In addition, no issue is raised by the pleadings with reference to the school building as distinguished from the real estate upon which it stands. Whether the land would revert without the building thereon was not an issue presented by the pleadings. The assignment is overruled.

The fifth and last assignment of error is that the court erred in holding that title did not revert, because "plaintiff was entitled to rely upon the abandonment for eight or nine years and the condition subsequent in the deed, rather than upon the ten year statute of

limitations.'' Appellant here assumes that the court's decision was based upon the fact that public school sessions had been conducted in the building within ten years prior to the date of the institution of this suit. Appellant's position is that his evidence concerning the failure to hold school in the building and on the premises for the period of years mentioned was sufficient to show an abandonment of the property for school purposes. Assuming this to be true, appellant overlooks the fact that the credibility, weight, and value of this evidence was for the court, sitting as a jury, and the general finding against plaintiff, denying partition and dismissing the cause, necessarily included a finding against him on the issue of fact with reference to abandonment of the property for school purposes. A condition precedent to the entering of the judgment which the court did enter was a finding that the property had not in fact been abandoned and had not ceased to be used for school purposes. The court having passed upon this issue as a question of fact appellant is bound thereby. The assignment is overruled.

Finding no error in the record it follows that the judgment of the trial court must be affirmed. It is so ordered. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur except *Hays, J.,* absent.