LOUIS WHITE, FRANK KENTLING, T. R. WELCH, BEN KENTLING, and DELBERT HAMMOND, Directors of the Bank of Highlandville, as Trustees of the Bank of Highlandville in Liquidation, Appellants, v. FRANK KENTLING, BEN KENTLING, W. M. KENTLING, CHARLES KENTLING, and the Unknown Heirs of F. KENTLING, SR., and KATIE KENTLING.—134 S. W. (2d) 39.

Division One, December 13, 1939.

528

*Omer E. Brown* for appellants.

*Tom R. Moore* for respondent.

DALTON, C.—This is an action to quiet and determine title to certain real estate in Christian County, Missouri. The petition alleged that plaintiffs were "the trustees of the Bank of Highlandville in Liquidation; that the Bank of Highlandville was a banking corporation regularly organized and existing under and by virtue of the laws of the State of Missouri, and that on June 5, 1936, said institution went into voluntary liquidation, and by order of the Circuit Judge, . . . the above named petitioners took charge of the said institution for the purpose of liquidating the same." It is alleged that plaintiffs are in possession of the particular tract of real estate therein described and that their interest therein is in fee simple.

The petition further alleged: "Plaintiffs state that by reason of a defective deed of conveyance executed on the 12th day of August, 1919, by F. Kentling, Sr., and Mrs. Katie Kentling, that said defect casts a cloud upon the title to said real estate, but does not in fact detract from the title itself, but merely affects the merchantability of said title. Your Petitioners, in order to improve the title and perfect the merchantability of said title from adverse claims which might hereafter be made by the defendants herein or their heirs, pray that the defendants be summoned to show cause, if any reason they have, why this title in fee simple should not be lodged in the Plaintiffs herein by decree of Court." Plaintiffs thereupon prayed the court to declare the title in fee simple to be in plaintiffs, and further asked for general relief.

The abstract of the record recites that "service was had on all defendants by waivers filed and by publication filed." Frank Kentling (respondent here) was the only defendant to appear and file an answer. His answer admitted that the Bank of Highlandville was a banking corporation, but denied that said bank and the other plaintiffs were the owners in fee simple of the lands described in plaintiffs' petition. The answer then averred that the mother and father of the defendants, "prior to the time that the Bank of Highlandville took possession of said lands, were the owners thereof in fee simple;" that they by deed conveyed said lands to the Bank of Highlandville, but, by the terms of the instrument, there was a clause providing "that when such real estate was no longer used by the Bank of Highlandville for a bank, that the same reverted to the grantors or their assigns." It is averred that the bank accepted the conveyance with this clause in it and placed the instrument of record. It is then alleged that, "Neither the Bank of Highlandville nor anyone else for it has any rights or title to said lands save and except in the use of same for a bank;" that "the Bank of Highlandville has ceased to do business, as a bank, but is not in liquidation, and by virtue of the premises the defendant herein, or the defendant and his wife are the owners thereof in fee simple." In the answer the defendant prayed "that the court adjudge and decree that the fee simple title be vested in the defendant Frank Kentling or him and his wife subject to the user of said Bank of Highlandville so long as it may be used for the purpose of a banking institution."

The reply of plaintiffs denied that there was a clause of reservation in the deed which provided, "that when said real estate is no longer used by the Bank of Highlandville for a bank that the same reverts to the grantors or their assigns," but set out *haec verba* the alleged reservation clause as follows: "In case this land is not used for the purpose of a bank and this corporation passes out of existence said property is to revert to the grantors." It alleged that at the time of the execution of the deed the grantors herein and the subscribers for stock in the proposed bank discussed the possibility that the Commissioner of Finance might refuse a charter for the bank; that the said clause was inserted in the deed so that in the event a charter was refused, the land would go back to the grantors. It further alleged that the certificate of incorporation was granted; that a banking institution was established; and that by reason thereof said bank, under the terms of the deed, became the owner in fee simple of the real estate.

A jury was waived, the cause submitted to the court and a judgment rendered in favor of the defendants. After motion for a new trial was filed and overruled the plaintiffs appealed.

The deed referred to in the pleadings was offered in evidence. It is a warranty deed in regular form (except as hereafter stated), dated

August 12, 1919, from Frank Kentling, Sr., and Mrs. Katie Kentling to the Bank of Highlandville, consideration $1, and describes the real estate in question. The acknowledgment is in due form and bears the same date. Immediately after the covenants of warranty in the deed is the following provision, "In case this land is not used for the purpose of a Bank and this Corporation passes out of existence said property is to revert to Grantors." It was admitted that the Articles of Association of the bank are dated August 12, 1919, and that a charter was granted on September 2, 1919. The evidence does not show when the deed was delivered, but it was filed for record in the Recorder's office of Christian County on July 3, 1930. Plaintiffs offered as a witness, one Charles F. Boyd, who testified that he was a lawyer, a notary public and county superintendent of schools; that he recognized the handwriting in the deed; that he had drafted the deed on August 12, 1919, at a meeting held for the purpose of organizing the Bank of Highlandville.

The witness was then requested to explain to the court why the alleged reversion clause was written in the deed. This request was denied. The court ruled that the instrument spoke for itself and that oral evidence was inadmissible to dispute or contradict the terms of the written instrument. Plaintiffs thereupon rested their case and defendants' attorney orally requested a directed verdict and judgment for defendants. The court remarked that the demurrer would be sustained. No written request was made or acted upon. A request was thereupon made by plaintiffs for a finding of facts and conclusions of law. The abstract of the record shows the following:

"Finding of facts.

"By THE COURT: . . . The court finds that this is a quiet title suit, and is based upon a deed given on the 12th day of August 1919 conveying certain lands described in the deed to the Bank of Highlandville, Missouri, . . . The court finds that there is no issue before the court as to any defect being found in the title; and the suit is prematurely brought if it is on the question of a reverting clause because the evidence shows the Bank of Highlandville is a corporation doing business as a bank. By MR. BROWN: I want to ask the court further to construe the reverting clause. By THE COURT: . . . It is not an issue before the court, and that question can only be decided when the bank ceases to function as a corporation.

"Conclusions of law.

"By THE COURT: . . . These questions that you ask about, in case they didn't go into business; that is not based upon any proof. If you want me to give an opinion about this deed, the Court is of the opinion, no question to the contrary that this deed has a reverting clause; and when this bank ceases to function as a bank, this land reverts to the grantors, as provided in the deed . . . But . . . that issue is not before the court." After this proceeding plaintiffs

asked and were granted permission to make an offer of proof. The plaintiffs offered to show by the testimony of certain witnesses "that the so-called reverting clause" in the deed was discussed by the stockholders at the time the bank was organized, and that it was intended to mean that in case no bank was ever granted permission to do business at Highlandville then in that case the title should revert to the grantors, but in case the bank was organized and a certificate granted to the bank, then the deed was to be absolute and title in fee simple rested in the Bank of Highlandville. The court ruled that if such proof had been offered it would have been refused, as it tended to dispute and contradict the terms of a written instrument. Plaintiffs saved no exceptions to this ruling. Thereupon the court entered the following judgment: "Now at this day comes the above entitled cause on to be heard and come now the parties, Plaintiff and Defendant, by their respective Attorneys, in the above entitled cause and announce ready for trial. Whereupon a Jury being waived by consent of said parties, the said cause is hereby submitted to the Court for hearing. The Court, after having been fully advised concerning the premises and having heard all the evidence in the case and argument of counsel, finds the issues in favor of the Defendants. It is therefore considered, ordered and adjudged by the Court that the plaintiffs herein take nothing by this their suit and the defendants go hence without day and have and recover of and from the plaintiffs all costs in this suit laid out and expended for which execution may issue therefor."

We think that it is apparent from the pleadings that the sole issue for determination was the respective rights of the parties in and to the real estate described. It appears from the pleadings that both parties claimed an interest in the same real estate from a common source of title and that their rights in and to said real estate necessarily involved the construction of the deed referred to in the pleadings. Both plaintiff and defendant prayed the court to determine the title.

Respondent here contends that this suit should have been instituted by the Commissioner of Finance of the State of Missouri and calls our attention to Section 5382 et seq., Revised Statutes 1929 (Mo. Stat. Ann., sec. 5382 et seq., p. 7525 et seq.), and certain cases including: Holland Banking Co. v. Mt. Vernon Bank, 334 Mo. 549, 66 S. W. (2d) 850. However, the answer, as filed, did not deny the allegation that plaintiffs were the trustees of the Bank of Highlandville and there were no pleadings or proof to indicate that the Commissioner of Finance was in charge of the bank. Defendant did deny that the Bank of Highlandville "and the other plaintiffs pretending to be trustees" were the owners in fee simple of the lands described and did allege that the bank "has ceased to do business as a bank but is not in liquidation." The capacity therefore in which

plaintiffs brought this suit, to-wit, as trustees for the bank, was not an issue in the case.

Appellants assign error (1) upon the court's refusal to permit oral testimony as to the circumstances surrounding the insertion of the particular clause in the deed, and the interpretation placed thereupon by the incorporators, (2) upon the court's finding for defendant Frank Kentling since he was not a "grantor" and there was no evidence that he was an "assignee" of the grantors, (3) in not rendering judgment by default against the non-answering defendants, and (4) upon the court's holding that the action was prematurely brought and upon the court's failure to declare the title as it existed.

The first assignment must be overruled. (1) There was no offer of proof made during the course of the trial. [Byam v. Kansas City Public Service Co., 328 Mo. 813, 41 S. W. (2d) 945, 952.] (2) Even if the subsequent offer be considered as having been made during the course of the trial appellants saved no exception to the court's order that "If such proof had been offered it would have been refused on the ground it intended to dispute and contradict a written instrument." [Stokes v. Godefroy Mfg. Co. (Mo.), 85 S. W. (2d) 434, 440.] (3) The clause referred to in the deed is not ambiguous, but is written in plain simple language which may be construed and passed upon by the court. [Bloker v. Foley (Mo.), 193 S. W. 561.] Oral testimony therefore as to the circumstances surrounding the writing of the deed, the insertion of the particular clause and the interpretation by the incorporators of the bank was inadmissible. [Korneman v. Davis, 281 Mo. 234, 219 S. W. 904, 906; Williams v. Reid (Mo.), 37 S. W. (2d) 537, 540; Baker v. J. W. McMurry Contracting Co., 282 Mo. 685, 223 S. W. 45, 48; 20 Am. Jur., 964, Evidence, sec. 1102; 16 Am. Jur., 686, Deeds, sec. 445.]

The second assignment must be overruled. The petition does not expressly allege that either F. Kentling, Sr., or Mrs. Katie Kentling are dead. Plaintiffs did, however, undertake to sue and get service by publication on "the unknown heirs of F. Kentling and Katie Kentling." Defendants' attorney was permitted to state in open court and without objection that "Old Man Kentling has been dead for fifteen years." We think it is apparent that the plaintiffs sued defendant, Frank Kentling on the theory that he was an heir of F. Kentling, Sr., and Mrs. Katie Kentling. Defendants' answer expressly alleges that his father and mother executed the deed in question to the Bank of Highlandville, and the reply of plaintiffs states: "Plaintiffs . . . for reply to the separate answer of Frank Kentling, deny each and every allegation therein contained except the allegation that their father and mother, F. Kentling, Sr., and Kate Kentling, . . . did on the 12th day of August, 1919, convey said lands to the Bank of Highlandville." The relationship

of Frank Kentling to the grantors in the deed was not, therefore, an issue in the case.

In the third assignment appellants complain of the court's failure to give judgment against non-answering defendants under Section 1077, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1077, p. 1376). This section is as follows: ''When there are several defendants in a suit, and some of them appear and plead and others make default, an interlocutory judgment by default *may* be entered against such as make default, and the cause *may* proceed against the others; but only one final judgment shall be given in the action.'' (Italics ours.) No request was made for an interlocutory judgment against anyone at anytime. The cause was tried and submitted as against all defendants in one hearing. It was not tried below on the theory that appellants were entitled to a judgment by default against anyone. The matter of securing a default judgment against non-answering defendants was first raised on motion for new trial. We will not review the case on a different theory from that upon which it was tried. [Snyder v. American Car & Foundry Co., 322 Mo. 147, 14 S. W. (2d) 603, 606.] The assignment is overruled.

The fourth assignment presents (a) the court's holding that the suit was prematurely brought and (b) the court's failure to declare the title as it existed.

This action was instituted under Section 1520, Revised Statutes 1929 (Mo. Stat. Ann., sec. 1520, p. 1682). This section is remedial and is to be liberally construed. Any and all rights of any litigant in and to the real estate involved, may be determined in one suit. [Rains v. Moulder, 338 Mo. 275, 90 S. W. (2d) 81, 84.] Under this section ''the right in a contingent remainder may be adjudicated. . . . The party in possession, or out of it, may ask determination, and the court may determine all rights, claims, or interest, 'certain or contingent,' whatsoever of the parties or of any of them.'' [Audsley v. Hale, 303 Mo. 451, 261 S. W. 117, 124, 125.] The purpose of a quiet title suit is to determine the existing title. [Russ v. Hope, 265 Mo. 638, 178 S. W. 447, 448.] The suit, therefore, was not prematurely brought, but the burden of proof rested upon the plaintiffs claiming title to said real estate to establish their title by competent evidence. [Hoffman v. Bigham, 324 Mo. 516, 24 S. W. (2d) 125.]

The deed from defendant Frank Kenting's parents to the Bank of Highlandville is the only evidence of plaintiff's ownership. The rights, title and interest of the parties in and to the land described necessarily requires a construction of said deed. In arriving at a proper construction we must determine the intention of the parties as disclosed by the deed. ''That intention may be expressed anywhere in the instrument, and in any words, the simpler the plainer the better, that will impart it; and the court will enforce it no matter

in what part of the instrument it is found." [Utter v. Sidman, 170 Mo. 284, 294, 70 S. W. 702, 705; Keller v. Keller, 338 Mo. 731, 92 S. W. (2d) 157, 158 (1); Eckle v. Ryland, 256 Mo. 424, 440, 165 S. W. 1035, 1038; Keller v. Keller, 343 Mo. 815, 123 S. W. (2d) 113, 115; Norman v. Horton, 344 Mo. 290, 126 S. W. (2d) 187, 190.]

We think that under the plain terms of the deed in question when (1)· "this land is not used for the purpose of a bank" and (2) the grantee corporation, named in the deed, "passes out of existence" that the real estate described in the deed must revert to the grantors. A reversion *ipso facto* is expressly provided for. Upon the happening of said events or circumstances, if they do happen or come about, the estate conveyed to the bank will cease and determine by its own limitation and without any act or claim on the part of the grantors or their heirs. [Keller v. Keller, 338 Mo. 731, 739, 92 S. W. (2d) 157, 161; Chouteau v. City of St. Louis, 331 Mo. 781, 790, 55 S. W. (2d) 299, 301; 18 C. J. 301, sec. 281.] We, therefore, hold that the deed to the bank conveyed a base or qualified fee determinable upon the concurrence or simultaneous existence of the two events or circumstances referred to in the deed. It will be noted that the deed uses the word, "and," or the conjunctive form, and therefore that both events or circumstances must exist. The circumstances or events referred to may or may not happen or come to pass. The estate conveyed may last forever. So long as the property is "used for the purpose of a bank" or so long as the corporation remains in "existence," the estate continues. The rights of the bank or its assignees, however, will automatically cease and determine if the land is not used for the purpose of a bank and the corporation passes out of existence. The rights of the defendant Frank Kentling therefore, are entirely contingent (1) upon the happening of the said events or circumstances mentioned and (2) upon his own survivorship of his parents, as an heir of the said grantors, and at the time said base fee determines and title to said real estate reverts. The extent of his interest is further contingent upon the existence at said time of other heirs of the grantors. [Williams v. Reid (Mo.), 37 S. W. (2d) 537, 539.] Whether defendant Frank Kentling's contingent interest covers the whole or only a fractional interest in said real estate does not appear from the evidence. There is no evidence as to his relationship to the other defendants, or as to the relationship of the other defendants to the grantors in said deed. However, the answer refers to the grantors as "the father and mother of defendants." It also indicates that all persons in interest are not named as defendants. The pleadings and evidence do not *expressly* show that both grantors are in fact deceased. Ordinarily a cause is not reversed without remand for a new trial except when the facts have been fully developed. [Nothstine v. Feldmann, 320 Mo. 500, 8 S. W. (2d) 912, 917; Collins v. Leahy, 344 Mo. 250, 125 S. W. (2d) 874, 881; Byrne v. Prudential

536

Ins. Co. (Mo.), 88 S. W. (2d) 344, 347.] In this case the facts were not developed. The evidence is very limited. The judgment of the court did not undertake to determine the title to the real estate described, or attempt to fix the right, title, and interest of the respective parties in and to the said real estate. It purports to find all of the issues in favor of the defendants and at the same time holds "that the Plaintiffs herein take nothing by this their suit and the defendants go hence without day and have and recover of and from the Plaintiffs all costs. . . ." The judgment does not conform to the pleadings and evidence.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion. *Hyde* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.