FARMERS HIGH SCHOOL CONSOLIDATED DISTRICT No. 3, JOHNSON COUNTY, MISSOURI, RESPONDENT v. DR. H. F. PARKER, APPELLANT.—203 S. W. 2d, 516.

Kansas City Court of Appeals.  Opinion delivered June 16, 1947.

*Max D. Aber* and *Ike Skelton* for appellant.

*Gayles R. Pine* for respondent.

BLAND, J.—This is an action in ejectment. There was a verdict in favor of plaintiff, finding that it was entitled to the possession of the real estate in controversy, assessing its damages at $5.00, and the monthly rents and profits at $5.00 per month. Defendant has appealed.

The suit involves the possession of an acre of ground, which was conveyed to School District No. 66, in Johnson County, by one Jacob S. Neff, by a general warranty deed, in which his wife joined, dated July 1st, 1881. The deed recites that the grantor granted, bargained and sold to the grantee the land in question. The deed contains the following clause: "In the Conveyance of the above

described acre of Ground for the purpose of erecting a school building, for the benefit of the above school district, I do require as a condition to within deed, that the Directors of said school district to enclose the same with a good and lawful fence, and keep the same in repair, and for a failure on the part of said directors to *maintain* a good and lawful fence around the same will forfeit the title to the above described acre of land and will fall back to the said Jacob S. Neff and to his heirs''.

A school house was erected on the land known as the Neff School. The building now stands thereon.

Jacob S. Neff died on January 1st, 1909. Plaintiff absorbed School District No. 66 by consolidation in 1916. Defendant took possession of the tract in July or August 1945, under a Sheriff's deed in partition. The deed purports to convey land including a 60 acre tract in which the acre in controversy is located. The deed recites that it was made in pursuance to a judgment in a partition suit between certain parties who acquired the 60 acres by descent; said real estate having descended ''to them as heirs, and devisees under the will of William J. Pollock''. There is nothing in the record to show how Pollock acquired title to the land. The Sheriff's deed recites that the land was conveyed ''subject to the rights of School District''.

Plaintiff's title to the acre of ground in controversy had never been questioned prior to the time defendant took possession of it. The evidence shows that the acre in question was under fence at various times, the fences remaining in a more or less state of disrepair. It was admitted at the trial that there had been no fence along the west side of the tract adjacent to the public road since the year 1906.

Defendant insists that the court erred in refusing to sustain his motion for a directed verdict, because it is claimed that plaintiff failed to prove a superior title to the land in controversy. In this connection defendant says: ''Can a grantee, claiming under a warranty deed containing a condition subsequent oust one holding possession of land under a Sheriff's Deed in partition, wherein the interest of all the parties litigant in a partition suit was conveyed to him, when respondent admits and the record shows that prior to appellant's entry said condition subsequent had been breached and broken by respondent. Appellant urges that this question must be answered in the negative because, when respondent admits that it breached and broke said condition subsequent, it confesses that it has no title or claim to the land described in said deed as against anyone in possession''.

There is no question but that the provision in the Neff deed in reference to the enclosing by and maintaining of a lawful fence

around the land in controversy amounts to a condition subsequent, and there is no contention but that said condition was breached prior to the time defendant took possession of the land. However, the breach of the condition did not terminate the estate on the mere happening of that event. (Adams v. Lindell, 5 Mo. App. 197, 209, 210.) But in order for there to have been a forfeiture of the estate it was necessary that there be an entry after the condition was broken by Neff or his heirs. (Mo. Historical Society v. Academy of Science, 94 Mo. 459; Adams v. Lindell, 72 Mo. 198; Bredell v. Westminister College, 242 Mo. 317, 337; Adams v. Lindell, 5 Mo. App., supra.)

In reference to a condition subsequent, such as appears in the Neff deed, it is said that such a condition gives rise to an interest that is not an estate but merely a possibility of a reverter which may or may not eventuate. The effect of the deed is to immediately vest the whole of the fee title in the grantee, subject to be defeated by a breach of the condition and re-entry by the grantor and his heirs. This interest is inalienable, unassignable, and cannot be devised, but is descendible. (Davis v. Austin, 156 S. W. (2nd) 903, 905; 21 C. J. pp. 924, 1017, 1018; 5 C. J. p. 857; 18 C. J. p. 366; 68 C. J. pp. 497, 499, 500; 6 C. J. S. p. 1057; 26 C. J. S. pp. 1025, 1026; 31 C. J. S. pp. 125, 126.)

There is no evidence, or claim, that defendant is an heir of Neff. While it is true, as defendant contends, that plaintiff must recover on the strength of its own title and not upon the weakness of defendant's, it is quite evident that, in view of the fact that there is no evidence that either Neff or any of his heirs, has re-entered the ground or declared a forfeiture, plaintiff has sufficient title, at least, to maintain this action. (21 C. J. p. 923.)

Complaint is made of the giving of plaintiff's instruction No. 1, for the reason that it assumed plaintiff's corporate capacity. This contention is not well taken, for the reason that the court will take judicial notice of such fact. (School District v. Holmes, 53 Mo. App. 487.) The instruction, in effect, told the jury that if they should find certain facts, irrespective of the condition subsequent contained in the deed, their verdict should be for plaintiff. It is claimed by defendant that the instruction is equivalent to a directed verdict. Even so, from what we have said, the instruction was not improper.

However, it is claimed that the instruction conflicts with defendant's instruction A which told the jury to return a verdict for the defendant if they found that the land was not enclosed with a good and lawful fence, or such fence was not kept in repair. It is claimed that these two instructions are in conflict with each other. From what we have said the court should not have given defendant's instruction A, and it is well settled that a correct instruc-

336

tion given on behalf of one party, is not erroneous because it is in conflict with an instruction given by his adversary. (Williams v. Excavating & Foundation Co., 93 S. W. (2nd) 123.)

The judgment is affirmed. All concur.