EMARD F. BOARD and Wife, FARN BOARD, Plaintiff-Appellants, v. THE NEVADA SCHOOL DISTRICT, Defendant-Respondent, No. 42873—251 S. W. (2d) 20.

Division One, July 14, 1952.

Rehearing Denied, September 8, 1952.

*J. B. Journey* for appellants.

*Lynn M. Ewing* for respondent.

330

DALTON, J.—Action in ejectment to recover possession of one acre of described real estate in Vernon County and for other relief, with a cross action to determine title and declare the rights of the parties with reference to certain improvements. The cause was tried to the court without the aid of a jury and, from an adverse judgment, the plaintiffs have appealed.

The described real estate was conveyed to School District No. 119, in Vernon County, by A. S. Board and Permelia A. Board, his wife, by a general warranty deed dated December 11, 1883. The deed (hereinafter referred to as the Board deed) recited that the grantors granted, bargained and sold to the grantee the described real estate and further provided: "It is expressly understood by this conveyance that the grantors herein convey the above for a school house site and whenever it is' abandoned by the directors and ceases to be used for that purpose the title shall immediately revert to the grantors herein."

Both plaintiffs and defendant claim under this deed as their common source of title. Plaintiffs claim under the reversionary clause and defendant as successor to the grantee. Plaintiffs alleged that the described real estate "together with all improvements thereon has been abandoned for school purposes"; and that the school district had been dissolved and its territory attached to the defendant school district. Plaintiffs further alleged that they were the owners of the described real estate by the entirety in fee simple; that they were entitled to possession thereof; and that defendant had entered and was unlawfully withholding possession of the premises and had "wrongfully removed and converted part of the building to their own use." Plaintiffs asked for damages and to recover monthly rents and profits.

Defendant admitted the alleged provisions of the Board deed; and that School District No. 119 had been annexed to the defendant

district, but it denied that the described real estate and improvements had been abandoned for school purposes, and it denied that plaintiffs had "acquired title to the right to any reverter under said deed." In a cross action defendant realleged the facts stated in its answer and further stated that, after the execution and delivery of the said deed, School District No. 119 erected a school building on the described land; that defendant may in the future determine that the said real estate and the improvements thereon are no longer needed for school purposes, but "that as yet the cessation of such use and abandonment has not occurred." Defendant alleged a dispute between the parties "as to the right of the defendant to remove the school building erected on the land conveyed by the said A. S. Board and wife in the event your defendant does determine to cease using the land and building for school purposes and does determine to abandon same." Other allegations need not be reviewed. Defendant claimed the right to the possession of the property and the right to remove the building and improvements from the described premises, or to sell the same, and alleged that plaintiffs [22] had no right or title thereto. Declaratory and other relief was prayed.

Plaintiffs' evidence (together with certain admissions by defendant) tended to show that plaintiff Edward F. Board is a grandson of the grantors in the Board deed; that plaintiffs had obtained a warranty deed to the described property from other heirs at law of the grantors in the Board deed; that plaintiffs had been trying to get possession of the described property, but had been prevented from doing so; that the real estate had been conveyed to School District No. 119 "for a schoolhouse site"; that a school building, known as the "Board School", had subsequently been erected thereon; that defendant accepted the annexation of School District No. 119 on October 13, 1949; that from and after May 1, 1950, no school had been conducted in the schoolhouse on the described premises; that the pupils in "old District No. 119" had been transported to other buildings within the defendant school district; that a part of the school building on the described real estate, to wit, the back steps and back porch, had been removed by the defendant to another school in the defendant district; that the building had not been occupied, except for certain community or organization meetings; that the keys to the school building had been carried by the Nevada superintendent of schools; that defendant district was in possession of the real estate and improvements, to wit, a school building (32 x 24), a coal house (10 x 12), two toilets and one pump; that all the seats remained in the school building and the building was served by electricity; that "when the annexation was completed School District No. 119 went out of existence under the law"; that plaintiffs had never been in possession of the described property; and that the rental value of the property was $25.00 per month. On request defendant admitted that "the old

District No. 119 became an integral part of the school district of Nevada subject to the same taxes as paid on other property in the district''; and that ''all of the assets of District No. 119 were turned over to the School District of Nevada.''

Defendant's evidence tended to show that the minutes of the Nevada School Board did not show any resolution for abandoning the property known as the ''Board School''; that the proposition voted on by District No. 119, in October 1949, was ''Shall District 119, Common School District 119, Vernon County, Missouri, annex itself to the Nevada School District''; that the matter of closing the ''Board School'' had never been discussed with the school board of the defendant district; that the superintendent had recommended to the school board that the ''Board School'' ''not be permanently closed at the present time''; that no steps had been taken to close it; that, merely as a temporary arrangement, the students residing within the limits of ''Old District 119'' had been transported to other buildings in the enlarged district; that the superintendent of schools of the Nevada School District, who had the keys to the ''Board School'' building, had visited the building some fifteen or twenty times since School District No. 119 had been annexed to the defendant district; that the superintendent ''made the arrangements to take the steps and part of the back porch to another school in this district''; that the building had been made available to the 4-H groups in that community at no charge; that no deed of conveyance had been executed conveying the described real estate to the defendant district; that the defendant district had ''tried to encourage the 4-H activities, the farm activities in that community, by making that building available''; that the defendant district had continued to carry insurance on the school building and had continued to furnish fuel for meetings when held; but that the support of the 4-H groups was not an official responsibility or on the educational program of the defendant district.

The trial court found the issues on plaintiff's petition for the defendant and against the plaintiffs and found that there had been no abandonment of the premises for school purposes; and that plaintiffs were not the owners of the real estate and improvements and were not entitled to recover [23] under the reversionary clause in the deed. The court further found that the real estate was acquired for a schoolhouse site; that there were no improvements on the property at that time; that the schoolhouse and improvements were made after the execution of the deed; and that, upon the annexation of School District No. 119 to the defendant district, all property and rights of every nature belonging to School District No. 119 passed to and became vested in the enlarged district by operation of law. The court further ordered that ''the plaintiffs' petition is dismissed at the cost of plaintiffs.''

On defendant's cross action, the court found the issues in favor of defendant and against plaintiffs and found in effect that the school building and improvements were made with the consent of the grantors in the Board deed; that by reason thereof the building and improvements placed upon the property by School District No. 119 were personal property and now belonged to the defendant district; that "if and when defendant ceases to use the premises in question for a schoolhouse site and abandons the same, the defendant shall have the right, and now has the right, to cause the buildings and improvements to be removed from the land"; and that the "plaintiffs have no right, title or interest in and to the improvements and buildings on the described real estate and do not own the improvements if the site be abandoned and no longer used for school purposes."

As the cause was tried to the court without the aid of a jury, the procedure on appeal is governed by Section 510.310 (all references are to RSMo 1949), which provides that "the appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."

■ This court has jurisdiction of this appeal since the judgment entered by the court expressly determined the title issue adversely to appellants and found that they were not the owners of the described real estate and improvements. State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W. (2d) 544, 545. And see Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W. (2d) 471, 479.

Appellants assign error on the findings and judgment of the trial court and here insist that the action is in ejectment; that they are entitled to judgment for or against the cause of action stated in their petition; and that a dismissal was unauthorized. Appellants say that upon the vote for annexation by School District No. 119 and the acceptance by respondent district, the described property and the improvements thereon did not pass to respondent under Section 165.300, "because immediately on voting to abandon and cease holding school in the schoolhouse and premises, whatever title said district had in said land passed from said district No. 119 to the A. S. Board heirs under the reversionary clause"; that "the matter of using that school site and schoolhouse for school purposes terminated at the end of the term of school about May 1, 1950"; that "no school has been taught there since that term ended"; and that abandonment is now complete. Appellants rely upon the provisions of the Board deed. They admit that "in pursuance thereof a schoolhouse and other buildings and necessary improvements were built thereon," but insist that, when the term of school finally closed

about May 1, 1950, the property ceased to be used for school purposes. They insist that the ''school site and schoolhouse were completely abandoned by said School District 119.''

Appellants further insist that Section 165.300 ''cannot be made to nullify the reversionary clause in the deed 'by operation of law.' '' This section (part 3), in part, provides: ''In case an entire district is thus annexed, all property and money on hand thereto belonging shall immediately pass into the possession of the board of said city or town school district; * * *.'' Only two cases are cited in appellants' brief, to wit, Calloway Bank v. Ellis, 215 Mo. App. 72, 238 S.W. 844, 846; and School District No. 24 v. Mease (Mo. App.), [24] 205 S.W. (2d) 146. While the deeds referred to in these opinions contained special provisions, neither case supports appellants' position.

There is no merit in appellants' contention that all right, title and interest of School District No. 119, Vernon County, Missouri in and to the described real estate and improvements did not pass to the Nevada School District, when District No. 119 voted to annex itself to the said district and such annexation was duly accepted. School District No. 119 at no time voted ''to abandon and cease holding school in the schoolhouse and premises'' in question. The proposition submitted and adopted on October 29, 1949, was, ''Shall District 119, Common School District 119, Vernon County, Missouri, annex itself to the Nevada School District.'' This annexation was carried into effect and, on October 31, 1949, the School Board of the Nevada School District adopted the following resolution, to wit, ''that the school formerly known as common school district No. 119 (Board School) be operated by this board as a school for the remainder of the school term * * * .'' In view of the facts shown there was no abandonment for school purposes upon annexation and, under the provisions of Section 165.300, supra (and see Section 165.027, applicable to other annexations) all of the right, title and interest of School District No. 119 in the described property passed to and vested in the respondent school district by operation of law.

Since appellants and respondent claim title from the same source, the appellants under the reversionary clause in the deed and the respondent as successor to the grantee therein, a construction of the Board deed and a determination of the facts is required.

Under the provisions of the Board deed the grantee took an estate in fee simple determinable in the described property. ''An estate in fee simple determinable is created by any limitation which, in an otherwise effective conveyance of land (a) creates an estate in fee simple; and (b) provides that the estate shall automatically expire upon the occurrence of a stated event.'' A. L. I. Restatement of Property, Vol. I, Sec. 44, pp. 121 and 129; White v. Kentling, 345 Mo. 526, 134 S.W. (2d) 39, 44; Holekamp Lumber Co. v. State

Highway Comm. (Mo. Sup.), 173 S.W. (2d) 938, 943; Williams v. McKenzie, 203 Ky. 376, 262 S.W. 598; 19 Am. Jur. 486, Estates, Sec. 28; 31 C. J. S. 22, Sec. 10.

The grantors clearly parted with their whole present interest in the described property, but with a limitation, that is, after parting with their present interest they engrafted upon the estate conveyed a possible reversionary interest in themselves (a mere possibility of reverter) to the effect that if the described property should ever cease to be used for the purpose of a school house site *and* be abandoned for such purpose the fee simple estate would automatically revert to the grantors. The limitation imposed was an uncertain event which may happen at any time, or it may never happen. The estate granted, being one which may last forever, carried with it the right to use and control the property with all the incidents of a title in fee simple, prior to the happening of the event, which will automatically end the estate. 19 Am. Jur. 490, Estates, Sec, 30; 33 Am. Jur. 684, Life Estates, Remainders, etc., Sec. 206; 31 C.J.S. 22, Sec. 10. It is clear that the deed provided a limitation so that the estate will terminate as soon as the contingency happens. The estate will then terminate without any act on the part of the person next in expectancy. 31 C.J.S. 34, Sec. 20(d); Chouteau v. City of St. Louis, 331 Mo. 781, 55 S.W. (2d) 299, 301.

The limitation, to wit, the circumstance and event stated in the Board deed did not happen, or come into existence, prior to the annexation of School District No. 119 to the Nevada School District, nor did either come into existence by reason of such annexation. It is admitted that the schoolhouse remained on the schoolhouse site; and that it was used for school purposes during the remainder of the school term, after such annexation and until about May 1, 1950. In view of the admitted facts, it could not be said that the described property [25] had ceased to be used for a schoolhouse site, or that it had been abandoned for school purposes prior to May 1, 1950.

▌ Appellants do not question that School District No. 119 acquired an interest in the described real estate under the deed, but they insist that the interest reverted because of the limitation imposed on the grant. The title acquired by School District No. 119 under the Board deed was vested in the district as a public corporation. School District of Oakland v. School District of Joplin, 340 Mo. 779, 102 S.W. (2d) 909, 914; State ex inf. Lowe v. Henderson, 145 Mo. 329, 337, 46 S.W. 1076. And see Sec. 166.010 RSMo 1949, which provides that "the title of all schoolhouse sites and other school property shall be vested in the district in which the same may be located; * * * and no schoolhouse or school site shall be abandoned or sold until another site and house are provided for such school district." The property acquired under the deed was public property. It was the property of the state and the school district was merely a statutory trustee for the

discharge of the governmental function intrusted to it. Upon annexation a new and different statutory trustee was substituted for the former statutory trustee and the title held by School District No. 119 became vested in the Nevada School District by operation of law. School District of Oakland v. School District of Joplin, supra, 102 S.W. (2d) 909, 914; Section 165.300(3) RSMo 1949. No deed of conveyance was required.

We must now determine whether the estate in fee simple determinable, which the respondent district acquired in the described real estate, has terminated since that estate was acquired by said respondent school district. Whether or not the appellants at the time of the institution of this suit on May 10, 1951, had any present right to the possession and enjoyment of the described property, or owned it in fee simple, as claimed, is entirely dependent upon whether the event and circumstance mentioned in the Board deed have happened or come to pass. It will be noted that the deed expressly provided that the property was conveyed to School District No. 119 *"for a schoolhouse site* and whenever it is abandoned by the directors *and* ceases to be used for that purpose the title shall immediately revert to the grantors herein."* (Italics ours).

The automatic termination of the estate granted by the Board deed is expressly limited in two respects, to wit, (1) when the property "ceases to be used for that purpose" (to wit as "a schoolhouse site") *and* (2) "whenever it is abandoned by the directors," which the parties in effect construe to mean "abandoned for school purposes." It will be noted that the deed uses the word "and", or the conjunctive form, and therefore both the event of abandonment and the circumstance of nonuse must exist. See White v. Kentling, supra.

Appellants had the burden of proof on both issues. White v. Kentling, supra, 134 S.W. (2d) 39, 44; Tillman v. Melton, 350 Mo. 155, 165 S.W. (2d) 684, 687. Appellants were only able to show that the grantee school district had annexed itself to another district and the annexation had been accepted; that no school had been conducted or held in the school building, since about May 1, 1950; and that the steps and part of the back porch of the school building had been removed and taken to another school in the Nevada School District. This evidence (in view of other evidence in the record which the trial court accepted as true) was wholly insufficient to establish the facts necessary to an automatic termination of the estate granted or to vest a fee simple estate by reversion in the heirs at law of the deceased grantors.

We do not construe the words, "ceases to be used for that purpose", to mean a mere temporary cessation of the school district to conduct a school on the property. The property did not cease to be used for a schoolhouse site, merely because no school was conducted on the property from May 1, 1950 to May 10, 1951. The matter involves in-

tention as does the matter of abandonment. See, Tillman v. Melton, supra, 165 S.W. (2d) 684, 687, and cases cited therein.

In the case of Hatton v. Kansas City C. & S. R. Co., 253 Mo. 660, 675, 162 S.W. 227, in discussing the matter of abandonment of an easement, this court said: "Mere nonuser of an easement resting in grant * * * for a period short of that prescribed by the Statute of Limitations, will not extinguish the easement, unless accompanied by an intention on the part of the owner of the dominant estate to abandon it. * * * There must be an intention to abandon; that is, an intention to relinquish the possession of the property, without an intention to again repossess it; * * * such intention must be followed by an actual relinquishment of possession, so that, and to the extent that the property abandoned is left free and open to be appropriated by the next comer. These unities concurring, time is not the essence."

In the case of Anson v. Tietze, 354 Mo. 552, 558, 190 S.W. (2d) 193, 196, the court said: "Abandonment was a question of fact, being a mixed question of intention and act—the intention to abandon permanently and the physical act of nonuser—* * *." And see 1 Am. Jur. 6, Abandonment, Secs. 8 and 9. Also see the instruction set out in Campbell v. City of Kansas, 102 Mo. 326, 348, 13 S.W. 897, with reference to determining the issue of abandonment of a graveyard.

The trial court found as a fact that "no abandonment by the defendant has been proven in this case." The record fully sustains that finding. In view of all the evidence, we hold that the appellants failed to prove either that at or prior to the institution of this suit on May 10, 1951, the property in question had ceased to be used for "a schoolhouse site", or that there had been any abandonment of the property for school purposes. Appellants, therefore, have no present right to the possession and enjoyment of the described premises and are not entitled to recover in their ejectment action. The trial court's finding for defendant and against the plaintiffs on plaintiffs' petition is affirmed. There remains for determination the issues raised by respondent's request for a declaratory judgment with reference to the improvements in the event the respondent desires to abandon the real estate.

As stated, as long as the present estate in fee simple determinable continues, the respondent School District has all of the incidents of a fee simple title to the described premises. Respondent may remove the improvements thereon and construct other improvements at will. In this connection the general rule seems to be that the owner of an estate in fee simple determinable is not chargeable for waste within the general acceptation and meaning of the term, but that under some circumstances a court of equity may restrain him from committing equitable waste. Williams v. McKenzie, supra, 262 S.W. 598; Gannon v. Peterson, 193 Ill. 372, 62 N.E. 210, 213; 31 C.J.S. 24,

Estates, Sec. 10; 67 C.J. 622, Waste, Sec. 20; 56 Am. Jur. 457; Waste, Sec. 11; 19 Am. Jur. 491, Estates, Sec. 30; 27 R.C.L. 1037, Sec. 28; Ann. Cases, Vol. 35, 1915A, 229. Contra: A.L.I. Restatement of Property, Vol. I, Sec. 49, p. 170, but see comment in 19 Am. Jur. 491 footnote 3.

But the specific request by respondent for a declaratory judgment is as to the right of the respondent to remove the school building and improvements erected on the land in question in the event respondent does decide to cease using the real estate for school purposes or as "a schoolhouse site" and does decide to abandon the same.

The evidence tended to show, as the court found and as appellants admit, that the premises were conveyed to School District No. 119 "for a schoolhouse site" and that "in pursuance thereof a schoolhouse and other buildings and necessary improvements were built thereon." The court found that there were no improvements on the acre of land when the deed was executed, but that shortly thereafter the schoolhouse was built. In view of the evidence we draw the inference that the improvements were made by School District No. 119 at its own expense and with public funds, at least, appellants offered no evidence tending to show that there were any improvements on the property when it was conveyed to School District [27] No. 119, or that any of the improvements were made by the grantors or their heirs. We further imply from the terms of the grant that the construction of a school building and improvements at the expense of the School District was contemplated by the parties when the deed was executed and delivered. It was further contemplated by the parties that there was a possibility the property might not always be used for the purpose for which it was being conveyed. Accordingly, the deed further provided, "whenever it is abandoned by the directors and ceases to be used for that purpose the title shall immediately revert to the grantors herein." In such situation we hold that the improvements placed upon the property remained the personal property of School District No. 119 and that said district or its successor in interest would continue to own the school building and improvements, and only the land in its unimproved condition would revert to the grantors or their heirs in the event that the estate granted expired by reason of the limitations stated in the Board deed. In this connection it should be said that appellants, who brought the ejectment suit and sought to recover possession of both the real estate and the improvements, offered no evidence tending to show that the improvements could not be removed from the premises without injury to the freehold estate.

Under the facts shown in this record, we think the applicable rule of law as to ownership and right of removal of improvements is well stated in Hatton v. Kansas City, C. & S. R. Co., supra, 253 Mo. 660, 162 S.W. 227, 232, when the court quoted with approval from another case, as follows: " 'The fact that the estate conveyed by the grantor

to the grantee reverted to the former, upon the abandonment of the railroad, and that the grantor entered upon the possession of the land, did not in our opinion prevent the vendee of the grantee from removing the structure erected by the former, in accordance with the terms of the grant. The erection was entirely consistent with the grant and with the uses and purposes for which it was made. It did not, therefore, become a part of the realty, but was a part of the estate granted, and, upon the reversion thereof, remained the property of the grantee. The right to sell the same was no greater than the right of removal and, when sold, the vendee had the same right to remove as had his vendor.' '' And see 27 Am. Jur. 261, Improvements, Sec. 4; May v. Board of Education, 12 Ohio App. 456.

The trial court did not err in declaring the law to be that if and when respondent ceases to use the described premises for a schoolhouse site or for school purposes, and abandons the same, the respondent shall have the right, and at present has the right, to cause the buildings and improvements to be removed from the land.

The judgment should be modified by striking out the order dismissing the petition and by adding a clause recognizing, as between appellants and respondent, appellants' right to a possibility of reverter in the described real estate. See 33 Am. Jur. 681, Sec. 204, et seq.; 19 Am. Jur. 491, Sec. 31; Davis v. Austin, 348 Mo. 1094, 156 S.W. (2d) 903, 905.

As modified, the judgment of the trial court is affirmed. All concur.