250 S.W.2d 795 (1952)
SMITH
v.
SCHOOL DIST. NO. 6 OF JEFFERSON COUNTY.
No. 42976.
Supreme Court of Missouri, Division No. 1.
July 14, 1952.
Thurman & Blackwell, Hillsboro, for appellant.
Dearing & Matthes, M. C. Matthes and Joseph G. Stewart, Hillsboro, for respondent.
LOZIER, Commissioner.
Plaintiff appeals from a judgment in a suit involving title to real estate. The judgment was that defendant is the fee simple owner and that plaintiff has no title to or interest in the land. The sole issue is the construction of a deed conveying an 80' by 350' tract for school purposes.
The facts were stipulated. In 1877, Willard Frissell owned 290 acres of land of which the disputed tract was a part. In that year, Frissell conveyed the tract to School District No. 4 by a deed containing this provision:
"The said land being hereby conveyed to said school district for the sole and express use and purpose of and for a schoolhouse site and it is hereby expressly understood that whenever said land shall cease to be used and occupied as a site for a schoolhouse and for public school purposes that then this conveyance shall be deemed and considered as forfeited and the said land shall revert to said party of the first part, his heirs and assigns."
*796 In 1879, Frissell conveyed his 290 acres to Zeitinger by a warranty deed in which the schoolhouse tract was specifically "reserved." In 1883, Zeitinger conveyed a part of the 290 acres to Philip Edinger by a warranty deed in which the schoolhouse tract was specifically "excepted." After Philip Edinger's death, Charles Edinger acquired title to the Philip Edinger acreage. In 1942, Charles Edinger conveyed the Philip Edinger acreage to plaintiff-appellant by a warranty deed in which the schoolhouse tract was specifically "excepted."
Defendant-respondent School District No. 6, successor to School District No. 4, was grantee of the tract in a special warranty deed dated December 12, 1947, and recorded September 7, 1950, the same date as that of the last of several acknowledgments. This deed, in which grantors describe themselves as "the sole surviving heirs of Willard Frissell, deceased," recited: "This deed being made for the purpose of releasing any and all claims the grantors have as heirs of Willard Frissell to the provisions in a deed dated August 1, 1877, executed by Willard Frissell to School District No. Four (4) in Township No. Six (6) of the County of Jefferson and State of Missouri."
It was stipulated that the schoolhouse tract "has not been used for school purposes since on or about September 1, 1950, and that the defendant school district does not propose to again use the property for the purpose of holding school thereon, but if the court decrees that defendant is the owner of said property, it intends to sell same and use the proceeds derived from the sale thereof for school purposes."
We agree with the parties that the estate Frissell conveyed to School District No. 4 was a fee simple determinable. Frissell conveyed his whole interest with this qualification: The district was to use the tract only for school purposes and, upon cessation of such user, Frissell's conveyance of the fee simple was to be "forfeited" and the entire estate "revert" to Frissell, "his heirs and assigns." In Board v. Nevada School District, Mo.Sup., 251 S.W.2d 20, we said of a conveyance for school purposes containing a provision similar (other than the instant express language as to forfeiture) to the provision here involved: "The limitation imposed was an uncertain event which may happen at any time, or it may never happen. The estate granted, being one which may last forever, carried with it the right to use and control the property with all the incidents of a title in fee simple, prior to the happening of the event, which will automatically end the estate. * * * It is clear that the deed provided a limitation so that the estate will terminate as soon as the contingency happens. The estate will then terminate without any act on the part of the person next in expectancy. * * *" We ruled that such a provision created a fee simple determinable.
The parties agree that Frissell conveyed such an estate. However, plaintiff contends: Frissell retained a "reversion"; and such reversion was assignable and passed to plaintiff as Frissell's remote grantee or assignee of the lands of which the tract was originally a part under conveyances which expressly either "excepted" or "reserved" the schoolhouse tract. "A reversion is a present vested interest or estate, and it arises by construction and operation of law whenever a grantor has conveyed less than his whole interest or estate, the undisposed portion being his when the grant is terminated." 31 C.J.S., Estates, § 106, p. 126. See Davis v. Austin, 348 Mo. 1094, 156 S.W.2d 903, 905; Norman v. Horton, 344 Mo. 290, 126 S.W.2d 187, 189, 125 A.L.R. 531. As Frissell had transferred the entire estate, there remained no portion in which he could have had a reversion. Frissell had only a possibility of reverter. Board v. Nevada School District, supra.
Plaintiff urges that whatever interest Frissell had was alienable or assignable and passed to plaintiff as Frissell's remote grantee or assignee of the lands of which the tract was originally a part. As it is clear that Frissell's intention was not to convey *797 his possibility of reverter, we need not decide whether a possibility of reverter is alienable or assignable in Missouri.[1]
As stated, Frissell's conveyance to Zeitinger "reserved" the schoolhouse tract. We must determine Frissell's intention from the deed itself (Rummerfield v. Mason, 352 Mo. 865, 179 S.W.2d 732, 733) and give effect thereto unless it conflicts with some positive rule of law. Triplett v. Triplett, 332 Mo. 870, 60 S.W.2d 13, 15. We find, in his deed to Zeitinger, no intention on Frissell's part to convey his possibility of reverter in the schoolhouse tract. In the description of the land conveyed by his warranty deed, Frissell expressly "excepted" or excluded the tract; and he did not expressly convey to Zeitinger any interest in the land thus excluded. There are no inconsistencies in the language. See Rummerfield v. Mason, supra. It is clear and unambiguous. The language negatives any intention by Frissell to convey to Zeitinger any interest in the tract which he (Frissell) had previously conveyed in fee simple determinable to the school district.
Contrast Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286. In that case, Weare conveyed land to X, "excepting" a tract he had previously conveyed to a railroad. The railroad tract was later abandoned. Because Weare had retained the fee simple title subject to the railroad's easement, we found that Weare's intention was not to retain, but to convey to X, that fee simple title. In the instant case, Frissell, at the time of his conveyance to Zeitinger, had no fee simple title, or any other estate in, the schoolhouse tract to convey. We hold that he did not intend to convey any title to or estate in that tract to his grantee.
As to defendant's claim of title, it is agreed that Frissell's "sole surviving heirs released" to defendant whatever interest Frissell or his heirs may have had in the schoolhouse tract. "the possibility of reverter which remains in the grantor on the conveyance of a qualified or determinable fee to real estate * * * is stated generally in the authorities to pass to the heirs of the grantor or creator." 16 Am. Jur., Descent and Distribution, Sec. 28, p. 795. See also Restatement, Property, Sec. 164, p. 606; authorities listed in Footnote 1. "Both under the modern law and under common-law principles the authorities are well agreed that a possibility of reverter after a determinable fee is capable of being released to the tenant in fee simple determinable. Such release has the effect of turning the determinable or qualified fee into a fee simple absolute." 33 Am.Jur., Life Estates, Remainders and Reversions, Sec. 206, pp. 686, 687, citing Anno., 38 A.L.R. 1111. See also Restatement, Property, Sec. 58, Comment b, p. 198.
The judgment is affirmed.
VAN OSDOL and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.
NOTES
[1] See Section 442.020 RSMo 1949, V.A.M.S. (conveyances of "any estate or interest [in lands]"); University City v. Chicago, R. I. & P. Ry. Co., 347 Mo. 814, 149 S.W.2d 321, 324; Davis v. Austin, 348 Mo. 1094, 156 S.W.2d 903, 905; Farmer's High School Consolidated Dist. No. 3 v. Parker, 240 Mo.App. 331, 203 S.W.2d 516, 518; Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 653, 136 A.L.R. 286; 13 Mo.Law Review, p. 77; 33 Am.Jur., Life Estates, Remainders and Reversions, Sec. 206, p. 685; 31 C.J.S., Estates, § 105, pp. 125, 126; Anno., 109 A.L.R., 1148, 1150, Supplemented, 117 A.L.R. 563, 564, and 135 A.L.R. 576; Restatement, Property, Sec. 159, p. 570, Sec. 154, pp. 525, 532; Collette v. Town of Charlotte, 114 Vt. 357, 45 A.2d 203, 206; Brown v. Independent Baptist Church, 325 Mass. 645, 91 N.E.2d 922, 924; London v. Kingsley, 368 Pa. 109, 81 A.2d 870, 873.