DANIEL H. DONEHUE and MARY NELL DONEHUE, (Plaintiffs) Respondents, v. J. H. A. NILGES and ANNA NILGES, (Defendants) Appellants, No. 43659—266 S. W. (2d) 553.

Division One, April 12, 1954.

706

*Mosby & Mosby* for appellants.

*John P. Peters* and *S. W. James, Jr.,* for respondents.

707

LOZIER, C.—Defendants-appellants (herein called defendants) have appealed from an adverse judgment rendered in an action brought by plaintiffs-respondents (herein called plaintiffs) to determine title to real estate.

Construction of a deed conveying a determinable fee is involved.

The land involved is a two-acre tract (herein called the school tract) in the NW¼ NW¼, Sec. 32, T. 44, R. 8 W., Osage County (herein

called the quarter-quarter). Between the west line of the quarter-quarter and the Linn-Luystown north-south public road (to the east) is an eight-acre strip. The school tract is the south two acres of that strip.

In 1908, Joseph Boes, owner of the quarter-quarter, and his wife Lena conveyed the school tract to the Board of Directors of School District No. 6: "To have and to hold unto the parties of the second part and their successors in trust for the use and benefit of the aforesaid" school district "so long as the aforesaid premises shall be used for a school house site and no longer, *and if the aforesaid premises be no longer used for a school house site, then the aforesaid premises shall revert to and become the property of the grantors herein or those claiming title to the aforesaid"* quarter-quarter *"by, through or under said grantors."* (The language we have italicized is hereafter referred to as the "clause.")

District No. 6 took possession of and erected a schoolhouse on the tract. In 1909, District No. 6 was succeeded by School District No. 28. In 1951, District No. 28 became a part of Reorganized School District No. 2. District No. 2 abandoned the use of the site for school purposes and sold the schoolhouse and outbuildings to defendants. (There is no issue here as to the ownership of the buildings or the district's right to sell them to defendants. See Board v. Nevada School District, 363 Mo. 328, 251 S. W. 2d 20, 26[10]; Anno. 28 A.L.R. 2d 564.)

Joseph Boes, who died in 1910, devised the quarter-quarter to his wife for life, with remainder to his children, Mike, Gertrude, Mary and George. After the widow's death in 1927, Mike, Gertrude and Mary conveyed to George their undivided three-fourths interest in the quarter-quarter "except" the school tract. In 1933, George conveyed to W. Henry Nilges "all that part * * * that lies west of the Linn-Luystown public road, except" the school tract. In 1943, W. Henry Nilges reconveyed to George the part west of the road "except" the school tract. In 1944, George conveyed to Theodore Boehm all of the quarter-quarter "except" the school tract. In July, 1945, Boehm conveyed to William P. Kuster all of the quarter-quarter "except" the school tract (the deed also contained a specific conveyance of all of the part west of the road "except" the school tract). In October, 1945, Kuster conveyed to Ben H. Brandt all of the quarter-quarter "except" the part west of the road. In 1947, Kuster conveyed to plaintiffs all of the part west of the road "except" the school tract. (The deed also conveyed to plaintiffs the NE¼ NE¼, Sec. 31, immediately west of the eight-acre strip in the NW¼ NW¼, Sec. 32.) In 1951, the four Joseph Boes children, as his heirs, quitclaimed the school tract to defendants.

The trial judge ruled, inter alia: The Joseph Boes deed to the school district "created a fee simple determinable * * * which continued * * * until the happening of the event upon which the

estate was determinable, namely, the abandonment of the land as a schoolhouse site * * * and thereupon the estate passed to the person or persons to whom it was *granted by limitation over* * * * namely, the owners of that part of'' the quarter-quarter ''abutting said two-acre tract of land, which is that part of said'' quarter-quarter ''lying west of the said Linn-Luystown road and which said part of said quarter-quarter section is now, and was at the time of the abandonment of said tract * * * as a schoolhouse site, vested in plaintiffs herein * * *.'' (Our italics.)

■ Joseph and Lena Boes conveyed to the school district a determinable fee, a fee simple estate which automatically terminates upon the occurrence of a specified event or cessation of user for a specified ■ purpose; and there remained in the grantors a possibility of reverter.'' Board v. Nevada School District, 363 Mo. 328, 251 S. W. 2d 20, 24[3, 4]. (That is the possibility of again having the fee simple estate. 2 Tiffany, Real Property (3rd Ed.), Sec. 314, p. 10. Note the kind of ''possibility of reverter'' instantly involved. Too often, that term is applied both to the interest remaining in the grantor of a determinable fee—the true possibility of reverter—and the right of entry for condition broken retained by the grantor of a fee upon condition subsequent—the ''power of termination.'' See Restatement, Property, Secs. 154, p. 526, and 159, p. 570. In the latter instance, the fee conveyed does not automatically terminate upon condition broken. See Chouteau v. City of St. Louis, 331 Mo. 781, 55 S. W. 2d 299, 301[4].)

■ The concluding ''clause'' of the deed conveying the determinable fee provided that, upon termination of that fee, ''the aforesaid premises shall revert to and become the property of the grantors herein or those claiming title to the aforesaid'' quarter-quarter ''by, through or under said grantors.'' Upon the assumption that the ''clause'' was an attempt by the grantors to assign the possibility of reverter: Defendants contend that the possibility of reverter was unassignable and that it descended to the four Joseph Boes children under whose deed defendants claim; that, even if the possibility of reverter was assignable and was assigned by the grantors, plaintiffs were not the assignees because of the ''exceptions'' of the school tract from the conveyances of the quarter-quarter, or parts thereof, in plaintiffs' chain of title. (Defendants make no point that plaintiffs own, ''by, through or under'' Joseph and Lena Boes, only a small part of the quarter-quarter, the six acres abutting the school tract on the north or that Brandt, the owner of the other thirty-two acres abutting the tract on the east, is not a party.) Plaintiffs' position is that, by the ''clause'' the grantors assigned the possibility of reverter to them as the owners, ''by, through and under'' the grantors, of the part of the quarter-quarter abutting the school tract on the north.

However, we need not rule whether the instant possibility of reverter was assignable[1] because we do not believe that the grantors assigned or attempted to assign their possibility of reverter. Clearly, they intended that: Upon the termination of the determinable fee, the school tract was to pass to the *then* owners of the quarter-quarter— either to the grantors themselves if they still owned the quarter-quarter or to their then successors in title to and owners of the quarter-quarter. We agree with the trial court that the "clause" was a "grant" of the school tract "by limitation over," upon termination of the school district's fee, to the then owner, "by, through or under" the grantors, of the quarter-quarter. (And we can assume without deciding that the limitation over was to the owners, under the grantors, of the part of the quarter-quarter then abutting the school tract on the north.)

"A. limitation over, in a deed creating a determinable fee which shall cease if the land ceases to be used for a specified purpose, is void for remoteness." 19 Am. Jur., Estates, Sec. 34, p. 494.[2] In Yarbrough v. Yarbrough, 151 Tenn. 221, 269 S. W. 36, the grant was of an acre "so long as used for" church purposes "and when no longer used as such the same is to revert back to the original tract of land." Construing this provision as a limitation over, upon termination of the determinable fee, to the then owner of the original tract, the court said: "The limitation over in favor of the third person destroys the idea that it was the intention of the grantor to create simply a determinable fee in these [church] trustees. When a determinable fee ends, the estate reverts to the grantor and his heirs. * * * When the grantor conveys a determinable fee, and limits after it a fee absolute, he parts with all his estate and there is no reversion or possibility of reverter remaining in him. Such appears to have been the design of the grantor in this deed." 269 S. W. l.c. 38[3]. However, it was held that "the limitation over in favor of 'the original tract of land' " was void for remoteness of vesting (the rule against

---

[1]See authorities cited in Footnote 1, Smith v. School District No. 6 of Jefferson County, (Mo.) 250 S. W. 2d 795, 797; Eckhardt and Peterson, Possessory Estates, Future Interests and Conveyances in Missouri; Sec. 45, 23 V.A.M.S., p. 43; Restatement, Property, Sec. 159, p. 570; 3 Simes, Law of Future Interests, Sec. 715, p. 159; 2 Powell on Real Property, Sec. 281, p. 482; 1 American Law of Property, Sec. 4.70, p. 530; 1 Univ. of Fla. L. R., 309; 1950 Annual Survey of American Law, p. 637.

[2]See also: St. Louis Union Trust Co. v. Kelley, 355 Mo. 924, 199 S. W. 2d 344[9], [10, 11]; Eckhardt and Peterson, Possessory Estates, Future Interests and Conveyances in Missouri, Sec. 11, 23 V.A.M.S., p. 15; Gray, The Rule Against Perpetuities (4th Ed.), Sec. 114, p. 107; Restatement, Property, Sec. 44, Comment o, p. 131, Sec. 229, Illustration 8, p. 951, and Sec. 370, p. 2140; 2 Simes, Future Interests, Sec. 504, p. 363; 6 American Law of Property, Sec. 24.62, Case 94, p. 151; 70 C.J.S., Perpetuities, Sec. 13, p. 590.

perpetuities) and that the possibility of reverter remained in the grantor.[3]

We rule that the instant limitation over of the fee in the school tract was void and that the possibility of reverter remained in the grantors and descended to the four Boes children. Smith v. School No. 6 of Jefferson County, (Mo.) 250 S. W. 2d 795, 797[5].[4] It follows that, when the school district's fee terminated, the fee simple estate in the tract automatically passed to and vested in those children and that their deed to defendants conveyed, not the possibility of reverter, but the fee itself. Yarbrough v. Yarbrough, supra (wherein the conveyance, after termination of the determinable fee, was by the grantor himself).

The judgment is reversed. *Van Osdol* and *Coil, CC.*, concur.

PER CURIAM:—The foregoing opinion by LOZIER, C., is adopted as the opinion of the court. All the judges concur.

[3]19 Am. Jur., Estates, Sec. 34, p. 494; Restatement, Property, Sec. 372, Comment b, p. 2169; 6 American Law of Property, Sec. 24.62, p. 149.

[4]As to whether Joseph Boes could and did devise the possibility of reverter, see: Sec. 468.130, RSMo 1949, V.A.M.S., authorizing the devise of "estates" and "interests" in lands; Annos. 77 A. L. R. 344, 16 A.L.R. 2d 1246; 4 Baylor L. R. 246; 1950 Annual Survey of American Law, p. 637. As to the "exceptions" of the school tract from the conveyances by Boes' heirs and their grantees, see Smith v. School District No. 6 of Jefferson County, (Mo.) 250 S. W. 2d 795; contrast Hamilton v. City of Jackson, 157 Miss. 284, 127 So. 302.